SullivaN, J.
This was an indictment under the 56th sec *264 tion of the act relative to crime and punishment, by which it is made unlawful for any person to vend without being licensed to do so, spirituous liquors to be drunk in his house, out-house, yard, or garden. On motion of the defendant, the indictment was quashed by the Circuit Court.
A reason given for quashing the indictment was, that there was a defect “in drawing and impanneling the grand jury that found the bill.” To have made this reason sufficient, the irregularity in impanneling the jury, should have been made to appear by plea. In this case there was no plea, nor agreement of parties by which the facts were spread upon the record. A motion to quash must be founded upon defects apparent on the record. In this case' the indictment appears regular on its face, and it is not shown how the Court became informed of the defect complained'of.
There is, however, a fatal defect in the indictment. The offense, by the statute, consists in vending, without; license, spirituous liquors to be drunk in the house, &c., of the vendor. The charge in the indictment is, that the defendant on, &c., at, &c., did sell to one W. G. a certain spirituous liquor commonly called whisky, to wit, one quart of whisky, then and there drunk in his house, he the said defendant not being-licensed to sell, &c. The indictment omits to aver that the liquor was sold to be drunk in the house, &c., of the defendant. This is a fatal defect. It is not made an offense by the statute to sell spirituous liquor without license, by the quart or a larger quantity, unless it be sold to be drunk at the vendor’s house, &c. The intent, therefore, with which it was sold is material, and should have been alleged. In many cases, the *allegation of intent is merely formal, being no more than the inference which the law draws from the act itself, and which therefore requires no proof but -what the act'itself supplies; but where the act is indifferent in itself, and becomes criminal only from the intent with which it was done, the intention then becomes material, and it is as necessary to allege and prove it, as any other of the facts and circumstances of the ease. Rex v. Philipps, 6 East, 464.
PL O’Neal, for the State.
T. Johnson for the defendant.
The averment in this indictment, that the liquor was sold by the defendant and drunk in his house, is not equivalent to an averment that he sold it to be drunk there. The liquor may have been drunk there without his knowledge or consent.
As the indictment does not contain an offense punishable by the statute, the Court did right in quashing it.
Per Curict/m,.—The judgment is affirmed.