## VANDERWOOD *v.* THE STATE.

LIQUOR LAW.—*Act of* 1873.—*Indictment.*—In an indictment under the first
section of the liquor law of 1873 (Acts 1873, p. 151), it was necessary to
allege that the liquor was sold "to be drunk" in, upon, or about the
building or premises, etc.

From the Marion Criminal Circuit Court.

*W. P. Adkinson* and *J. M. Johnston,* for appellant.

*C. A. Buskirk,* Attorney General, and *J. M. Cropsey,* Prosecuting Attorney, for the State.

WORDEN, J.—The appellant was indicted for selling intoxicating liquor without license. Motion to quash overruled,
and exception. Conviction.

The indictment was based upon the act of 1873. Acts 1873,
p. 151. It charges that the appellant sold two gills of intoxicating liquor, and " did then and there suffer and permit the
said liquor to be drunk in the building and upon the premises
where the same was sold."

The indictment was insufficient, and should have been
quashed. It should have alleged that the liquor was sold to
be drunk in, upon, or about the building or premises, etc.

This point was so decided in the case of *Vanderwood* v. *The
State, ante,* p. 26. See, also, the case of *The State* v. *Freeman,*
6 Blackf. 248.

The judgment below is reversed, and the cause remanded,
with instructions to the court below to quash the indictment.