THE STATE OF KANSAS v. DAVID MIZE.

OFFENSE; *Inferior Degree; Erroneous Instruction.* Where a defendant is charged with an offense which includes others of an inferior degree, the law of each degree which the evidence tends to prove should be given to the jury; but where the defendant was charged with assault and battery, and convicted of assault, and it appears from the evidence that if he was not guilty of assault and battery he was not guilty of any offense, an instruction by the court upon the lower degree of the offense is inapplicable, and may have misled the jury; and as the testimony is such as to leave the question of the defendant's guilt in doubt, and we are unable to say that the erroneous instruction was not prejudicial to the defendant, the judgment of conviction must be reversed.

*Appeal from Cloud District Court.*

PROSECUTION for an assault and battery. The defendant *Mize* was tried at the August Term, 1886, found guilty of an assault, and sentenced to pay a fine of $10 and costs. He appeals.

*L. J. Crans,* for appellant.

*S. B. Bradford,* attorney general, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: At the August term, 1886, of the district court of Cloud county, the appellant was tried on a charge of assault and battery, and was convicted of assault. He appeals, and his principal complaint is of the charge of the court. In instructing the jury, the court said:

"Both of the offenses of assault and battery, and of assault, are included in the charge in this case, and if you find the defendant guilty, he may be convicted of either of said offenses, as the evidence may warrant; but if you find the defendant guilty, but entertain a reasonable doubt of which of the said offenses he is guilty, you can in that case only find him guilty of assault."

This instruction was not applicable to the facts proven on the trial, and may have misled the jury in their verdict.

There was only a single encounter between the appellant and the prosecuting witness. The appellant admits that he laid hold of the complaining witness with force and violence, but stated that it was not done until after he was violently attacked by the complaining witness, and that his action was taken in self-defense and was justifiable. It is stated in the charge of the court that the defendant admitted the force and violence, but claimed that what he did was done in self-defense; and the testimony makes it clear that if the defendant was not guilty of assault and battery he was not guilty of any offense. The charge of the court should be adapted to the facts of the case, and the giving of an instruction which goes beyond the facts is liable to mislead the jury. By the instruction given, the court in effect assumed that some testimony had been offered tending to sustain the theory of a simple assault; and the jury, finding no evidence to support the charge of assault and battery, may have been led by this assumption to find the defendant guilty of an inferior offense not proven. Where there is even slight evidence that the offense committed may have been of a lower degree than the one charged, it is the duty of the court to give the law of such inferior offenses, but the court cannot properly instruct the jury upon a degree of the offense which the evidence does not tend to prove. (1 Bish. Cr. Proc., § 980; *Washington v. The State,* 36 Ga. 222.) If the guilt of the defendant was apparent from the testimony, we might hold the error to be harmless; but taking the evidence as it appears in the record, it is exceedingly doubtful whether the defendant committed any offense. Indeed, the testimony seems to preponderate in favor of the defendant's theory that he acted only in self-defense, and did no more than was necessary to repel an unjustifiable assault. A perusal of the record leaves the question of the defendant's guilt in so much doubt that we are unable to say the erroneous instruction was not prejudicial to him; and hence there must be a reversal of the judgment.

All the Justices concurring.