| 42 | 611 |
| 44 | 421 |

THE STATE OF KANSAS v. HAROLD CHILD *et al.*

1. INDICTMENT—*Specific Intent Should be Averred.* In charging the commission of an assault with intent to commit a felony, where the intent characterizes and forms a part of the offense, such as an assault with intent to kill, or maim, or rob, or ravish, it is essential that the specific intent should be averred; and a verdict and judgment finding and adjudging a defendant guilty of felonious assault under § 38 of the crimes act are not supported by an indictment which omits to describe the intent with which the assault was committed.

2. SENTENCE, *Not Modified; Judgment, Reversed.* In such a case, where the indictment is sufficient to support a conviction for misdemeanor,

but not for felony, the supreme court cannot modify the sentence by reducing the punishment from that imposed for a felony to some lower penalty that might lawfully be imposed for a misdemeanor. It can only reverse the judgment and remand the cause.

*Appeal from Chautauqua District Court.*

THIS is an appeal from a conviction for a felonious assault alleged to have been committed in the county of Chautauqua on November 18, 1887, upon the person of Willie Watson. The indictment upon which the prosecution was had is in the following language:

"Of the February term of the district court of Chautauqua county, in the year of our Lord one thousand eight hundred and eighty-eight, the grand jury duly impaneled and sworn in and for said county of Chautauqua for said February term, 1888, in the name and by the authority of the state of Kansas, upon their oaths present that one Harold Child, and Lee Bowman and John Child, on the eighteenth day of November, in the year of our Lord one thousand eight hundred and eighty-seven, in said county of Chautauqua and state of Kansas, and upon one Willie Watson, then and there being, did on purpose and of malice aforethought, unlawfully and feloniously assault him, the said Willie Watson, and did then and there with, to wit, two certain revolving pistols, shoot at him, the said Willie Watson, and did then and there on purpose and of malice aforethought, unlawfully and feloniously beat and wound him, the said Willie Watson, upon the head and body of him, the said Willie Watson, with a certain revolving pistol held in the hands of them, the said Harold Child, John Child and Lee Bowman, the said pistol being then and there a deadly weapon, and by means of such blows, purposely and of malice aforethought, unlawfully and feloniously struck on the head of him, the said Willie Watson, the said Harold Child, John Child and Lee Bowman, did unlawfully and feloniously wound him, the said Willie Watson; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas."

In its charge to the jury the court gave the following instruction:

"Before you will be justified in finding the defendants, or either of them, guilty in this action, you must be satisfied

from the evidence beyond a reasonable doubt, that they did, in this county, on the 18th day of November, 1887, on purpose and of malice aforethought, unlawfully and feloniously assault Willie Watson with a deadly weapon, to wit, with two revolvers, with intent to unlawfully and feloniously kill or maim, as charged in the indictment filed in this case against them."

The jury returned the following verdict:

"We, the jury impaneled and sworn in the above-entitled cause, do upon our oaths find the defendants Harold Child and Lee Bowman guilty of a felonious assault, as charged in the indictment."

At the March term, 1889, motions for a new trial and an arrest of judgment were overruled, and the court sentenced the defendant *Harold Child* to imprisonment at hard labor for four years, and the defendant *Lee Bowman* to like imprisonment for five years. The defendants have appealed to this court.

*J. D. McCue*, for appellants.

*L. B. Kellogg*, attorney general, for The State; *John W. Shartel*, of counsel.

The opinion of the court was delivered by

JOHNSTON, J.: The objection that the indictment is not sufficient to sustain the verdict and judgment is fatal to the conviction. The appellants were manifestly prosecuted under § 38 of the crimes act. It provides that—

"Every person who shall, on purpose and of malice aforethought, shoot at or stab another, or assault or beat another, or assault or beat another with a deadly weapon, or by any other means or force likely to produce death or great bodily harm, with intent to kill, maim, ravish or rob such person, or in the attempt to commit any burglary or other felony, or in resisting the execution of legal process, shall be punished by confinement and hard labor for a term not exceeding ten years."

The court charged the jury that before they could find the defendants guilty, they must be satisfied that they had made

the assault with "intent to unlawfully and feloniously kill or maim, as charged in the indictment filed in this case against them." The assumption of the court that the indictment charged an intent to unlawfully kill or maim, is not borne out by an examination of that pleading. While it charges that an assault was feloniously made with a deadly weapon, it fails to allege a specific intent to kill, maim, ravish, or rob, or any other intent necessary to constitute the crime of which the defendants were convicted. The indictment sufficiently alleges an assault, which is a misdemeanor, but it omits the allegation of intent, which makes the offense a felony. When a misdemeanor is committed with a certain intent it becomes a felony, and therefore the specific intent is a material fact to be alleged and proved. The assault may be committed with any one of the several intents mentioned in the statute—that is, to kill, or maim, or rob, or ravish, or an attempt to commit burglary, or in resisting the execution of legal process. The charge, however, cannot be made disjunctively or in the alternative—that is, that the assault was made with intent to kill or ravish, or with intent to rob or maim. It will be readily seen that the gist of the offense consists in the intent with which the assault was committed, and hence that intent must be distinctly alleged and proved. It is a well-settled rule of criminal pleading that when a specific intent is required to constitute an offense, such intent must be averred; and no description of the offense is complete without it. (*Wilson v. The People*, 24 Mich. 411; *Commonwealth v. Boynton*, 12 Cush. 500; *The State v. Freeman*, 6 Blackf. 248; *The State v. Card*, 34 N. H. 510; *Johnson v. The State*, 1 Tex. App. 146; *Bartlett v. The State*, 2 S. W. Rep. 829; *United States v. Wentworth*, 11 Fed. Rep. 52; Whart. Crim. Pl. and Pr., § 163*a;* Chitty, Crim. Law, 233.) The allegation in the indictment that the assault was made unlawfully and feloniously, does not remedy the defect. In charging the commission of a consummated offense the omission of a specific intent is not necessarily fatal, where it is alleged to have been done on purpose, of malice aforethought, unlaw-

1. Indictment—specific intent should be averred.

fully and feloniously; but where the act is not consummated, and the intent characterizes and forms a part of the offense, then it is clear according to all the authorities that the intent must be alleged. (*Commonwealth v. Hersey,* 84 Mass. 180, and authorities cited.)

In *Commonwealth v. Slack,* 19 Pick. 307, it is said:

"So if an offense at common law is by statute punishable with additional severity, when committed with the intention to perpetrate another and greater offense, the criminal intention must be directly averred in the indictment, or the offender cannot be subjected to the additional punishment. It is not sufficient that the indictment concludes *contra formam statuti.* So if a misdemeanor is declared to be felony when committed with a certain criminal intent, it is not sufficient to aver in the indictment that the criminal act was done feloniously."

It is intimated that the indictment is sufficient under §§ 41 and 42, but there is the same necessity for the allegation of intent under § 41 as under § 38, and it is apparent from the indictment, charge to the jury, and verdict, that the prosecution is not based on § 42. The indictment is a sufficient charge of assault and battery, and it is suggested on the part of the state that if the conclusion is reached that the indictment is not sufficient to sustain the offense of felony, and therefore the sentence of the defendants to imprisonment in the penitentiary at hard labor was erroneous, this court should change the punishment from that suitable to the commission of a felony to such a sentence as would be suitable to the commission of willful assault and battery. This we cannot do. It is the district court and not the supreme court that is authorized to pronounce the sentence, and to exercise its discretion in determining what punishment between the minimum and maximum penalty should be imposed. The appellants were tried for felony and not for a misdemeanor, and the court failed to charge the jury on the lower degrees, such as assault, and assault and battery. Upon conviction for assault and battery the defendants may be fined in a sum not exceeding $500, or by imprisonment not exceeding one year. We have no means of knowing what

2. Sentence, not modified; judgment, reversed.

punishment the court would have imposed, whether imprisonment or fine, and if a fine, the amount of the same, or if imprisonment, the length of term. We cannot change the verdict nor fix the penalty, and can only reverse the judgment erroneously rendered, and remand the case for such further action as the state may desire to take. That will be the judgment of this court.

All the Justices concurring.