## THE STATE OF KANSAS V. ANGELINA TRIPLETT.

1. NEW TRIAL—*Sufficiency of Information—Assault.* Where a defendant is charged with an assault with intent to kill, and that offense is ignored by the jury, and the defendant is found guilty of an assault only, it is immaterial, upon a motion for a new trial, whether the information sufficiently charges an assault with intent to kill.

2. ASSAULT—*When Guilty.* Where a person standing about 50 feet from another fires his revolver in the direction of such other person, without any intention of shooting such person, but for the purpose of frightening or alarming him, intending thereby to create the impression that he will injure him by shooting, he is guilty of an assault.

*Appeal from Finney District Court.*

THE opinion herein, filed February 9, 1894, contains a sufficient statement of the facts.

*J. J. Hitt,* for appellant.

*John T. Little,* attorney general, and *G. L. Miller,* county attorney, for The State; *H. F. Mason,* of counsel.

The opinion of the court was delivered by

HORTON, C. J.: Angelina Triplett was charged in the court below with having made an assault with intent to kill, and was found guilty of an assault only. She was sentenced to pay a fine of $50 and the cost of the prosecution, and to be committed to the jail of Finney county until the fine and costs were paid. She appeals to this court. A motion was made to quash the information, but it is unnecessary to decide whether an assault with intent to kill was sufficiently charged. It is admitted that the information charges an assault. The higher offense was ignored by the jury. (*The State v. Baxter,* 41 Kas. 516; *Crumbley v. The State,* 61 Ga. 582.)

The theory and the evidence upon the part of the defendant were that, while admitting the firing of a pistol, she claimed it was done for the sole purpose of frightening a

horse that had been trespassing upon her premises, and that the pistol was never pointed at or toward the complaining witness, and that there was never any purpose to kill or injure such witness, or anyone else. The evidence for the state was, that the defendant, standing about 50 feet from the complaining witness, fired a revolver in his direction, and apparently at him. Several witnesses testified to this, and one witness stated he saw the dust fly up about 20 feet beyond and in apparent range with the complaining witness. The principal instruction complained of is as follows:

"If one person should shoot in the direction of another without any intention of injuring the other, but only for the purpose of frightening him, tending thereby to create the impression that he would do injury by the shot, he is guilty of an assault."

There was no error in this instruction, as applied to the facts of this case. The defendant was within shooting distance. A person may be guilty of an assault upon another with a pistol without firing it at all, and if he does fire it, without intending at the moment of firing to hit the person upon whom he is charged with committing the offense, (*The State v. Morgan*, 3 Ired. 186; *The State v. Myerfield*, Phil. N. C. 108; *The State v. Rawles*, 65 N. C. 334; *The State v. Sigman*, 11 S. E. Rep. [N. C.] 520,) when the attitude or action of a party is threatening toward another, and the effect is to terrify, the offense of assault is complete.

"It has been said that the gun must be within shooting distance; but plainly, if it is not, yet seems to be so to the person assaulted, or danger otherwise appears imminent, that will be sufficient." (1 Whar. Crim. Law, ¶ 606; 2 Bish. Crim. Law, ¶ 32.

"The state interferes with and punishes evil conduct whenever, among other reasons, it tends to public disturbances or breaches of the peace, creates disquiet in the community, or inflicts on the individual a wrong entitling him to governmental protection." (2 Bish. New Crim. Law, § 32, ¶ 3.)

We are cited on the part of the defendant to *The State v. Moran*, 46 Kas. 318. That case is not applicable. In that

case, the defendant was charged with assault with intent to kill, and an instruction was given that he might be convicted of an assault with intent to commit manslaughter, without any evidence having been offered to establish such an offense. Upon this instruction, the jury found the defendant guilty of an assault with intent to commit manslaughter. In this case, an instruction was given defining the offense of assault with intent to kill, and the jury were instructed as to what constitutes a simple assault, and were further instructed that they might find the defendant guilty of assault with intent to kill, or of simple assault, or not guilty. There was no error in this part of the instructions, or in any of the instructions.

The judgment of the district court will be affirmed.

All the Justices concurring.