THE STATE OF KANSAS v. MILTON KITTLE.

No. 14,042.  ( 78 Pac. 407.)

SYLLABUS BY THE COURT.

ASSAULT WITH INTENT TO KILL—*Instructions Concerning Inferior Offenses.*  Where a defendant, prosecuted upon a charge of shooting complainant with intent to kill him, testifies that he fired the shot by which the latter was wounded, but did so in self-defense when assailed by him, for the sole purpose of frightening him, without intending to kill, or even to hit him, it is error to omit to instruct upon assault and battery as well as upon the felony charged, when instructions relating to such misdemeanor are asked by defendant.

Appeal from Rush district court; CHARLES E. LOBDELL, judge. Opinion filed November 5, 1904. Reversed.

*C. C. Coleman,* attorney-general, for The State.

*W. H. Russell,* for appellant.

16—70 KAN.

The opinion of the court was delivered by

MASON, J. : Jacob Zubick was wounded by a bullet from a revolver fired by Milton Kittle in the course of a controversy between them. Kittle was arrested, tried and convicted upon a charge of assault with intent to kill. The evidence of the state tended to show that the defendant was the aggressor in the encounter and to sustain the entire charge against him. His own testimony was to the effect that he was assailed by Zubick and others, that he acted wholly on the defensive, and that he fired only for the purpose of frightening his assailants, in order to enable him to escape from them. In behalf of the defendant an instruction was asked permitting a finding that he was guilty of assault and battery only. This was refused, the trial court holding that, under the evidence, either the defendant was guilty of the felony charged—assault with intent to kill—or he was innocent of any public offense. Upon an appeal this refusal is urged as error.

It is well settled that, if upon any reasonable theory tenable under the evidence a defendant may be held to be guilty only of an offense of a grade inferior to that charged and included within it, it is error to refuse to instruct upon such inferior offense, when the attention of the court is called to the matter. (*The State v. Clark*, 69 Kan. 576, 77 Pac. 287.) The present inquiry, therefore, is whether the evidence was open to any reasonable construction consistent with a finding that defendant was not guilty of the felony charged, but was guilty of a misdemeanor included within it. In behalf of the state it is argued that the defendant's own version of the affair was either true or false; that if it was true he was innocent of all offense and

should have been acquitted, while if it was false he was guilty to the full extent of the accusation against him. The fallacy of this argument lies in the assumption that the defendant's narrative must be accepted as either wholly false or wholly true, whereas, in fact, it may have been a combination of truth and falsehood.

The shooting was admitted. The state charged, and in order to convict of a felony was required to prove, that it was unjustifiable, and also that it was done with the specific intent to kill Zubick. The defendant asserted that it was done in self-defense, and without any intention to kill, or even to hit, Zubick ; that is, he denied that the shooting constituted an assault, and he denied that it was done with intent to kill. It is conceivable that, if opportunity had been given, the jury might have found that the defendant was the aggressor, that he shot without lawful excuse, for the purpose of frightening his antagonists, but that he had no intention of killing any one ; or, what is the same thing in effect, that the state had proved beyond a reasonable doubt that the defendant had committed an assault upon Zubick, but had not proved beyond a reasonable doubt that he did so with the intent to kill him. Such conclusions would require a verdict of guilty of a misdemeanor only. ( *The State v. Triplett*, 52 Kan. 678, 35 Pac. 815.) If the defendant had avowed that he shot with the design of killing Zubick, justifying his action on the ground that it was done in self-defense, a very different question would be presented. Then the issue as to intent would be eliminated, and the defendant, if guilty of assault at all, would necessarily be guilty of assault with intent to kill. ( *The State v. Mize*, 36 Kan. 187.) It follows that it was error to refuse to instruct upon assault and battery.

A question is also raised with regard to the form of the verdict, but as it is not likely to arise again in this case it is not necessary that it be determined.

The judgment is reversed, and a new trial ordered.

All the Justices concurring.