No. 24,276.

THE STATE OF KANSAS, *Appellee,* v. CECIL RHOADES, *Appellant.*

### SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Voir Dire Examination of Jurors—Improper Questions.* In a criminal case a juror on his *voir dire* is not required to state what facts he would consider in determining the guilt or innocence of the defendant.

2. LIQUOR LAW—*Persistent Violator—Evidence Sufficient to Sustain Conviction.* Where the evidence shows that one is in possession of a pint bottle containing a small quantity of whisky and three quart bottles partly filled with grape juice, having sufficient alcoholic content to be intoxicating, and he and his two companions are drunk, *held,* sufficient to sustain a verdict of guilty of having in his possession intoxicating liquors for beverage purposes.

3. SAME—*Defendant a Witness in His Own Behalf—Proper Cross-examination.* Where the defendant, in a criminal case, takes the witness stand in his own behalf, the extent to which he may be questioned upon matters which affect his credibility is largely within the discretion of the court. *Held,* in this case the examination was confined to proper limits.

4. SAME—*Motion for New Trial—Absent Witness—No Diligence Shown.* It is not error for the court to refuse a new trial because of an absent witness when no continuance had been asked for that reason, and no diligence to procure the attendance of the witness for the trial was shown, and where the evidence offered is of such a character that it likely would not produce a different result on a retrial.

5. SAME—*No Improper Conduct of Jury.* The fact that jurors, after returning a verdict and being discharged, declined to discuss what transpired in the jury room with the attorney for the losing party, does not tend to prove that the verdict was the result of passion or prejudice.

Appeal from Geary district court; CASSIUS M. CLARK, judge. Opinion filed May 12, 1923. Affirmed.

*Ira C. Snyder,* of Manhattan, for the appellant.

*Richard J. Hopkins,* and *Charles B. Griffith,* attorneys-general, and *L. B. Morris,* county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Appellant was charged as a persistent violator of the intoxicating liquor law. There was a trial to a jury, verdict of guilty, appellant's motion for new trial was overruled, he was sentenced, and he appealed.

Appellant complains that he was unduly restricted in the examination of jurors touching their qualifications to sit in the case. Appellant asked a juror on his *voir dire:* "Mr. Tully, did you ever have any quarrels or disagreements in your lifetime with your fellow men? Ans. Yes, sir. Q. In those disagreements that you have had who was right, you or they?" This was objected to and the objection sustained. Obviously the court could not try disputes of that kind in the pending case. The juror was asked this question: "Now, how would you weigh and determine a case with your fellow jurors after the evidence is all in and you retired to consider the facts, what facts would you consider in making up your mind as to whether one was guilty or not guilty?" An objection to this question was sustained. The juror had already stated that he knew nothing about the case, hence it would be impossible for him to state what facts he would consider. The question was not only improper, but impossible to answer intelligently.

. Appellant contends that the evidence is insufficient to support the verdict. The former conviction necessary in the charge was admitted. At the time appellant was arrested he had in his possession a pint bottle with a small quantity of corn whisky in it, and three quart bottles partly filled with grape juice, the alcoholic content of which, upon analysis later made, was sufficient to produce intoxication, and the defendant himself and his two companions were drunk. Appellant testified that he and two other persons, including one of his companions at the time of his arrest, had drunk two quarts of whisky the afternoon before, and that he was not over the effect of that when arrested. He and two companions had been driving around all night and were arrested the next morning, and he claimed that he had no intoxicating liquor with him after midnight, but one of the companions with him at the time of the arrest, joined the party after midnight, was sober at the time, and it is difficult to see how that one could be drunk at the time of the arrest if the party had no intoxicating liquors after she joined the party. Without detailing the testimony at length, it is clear that there was ample evi-

dence to support a finding that the appellant was in possession of intoxicating liquor at the time of his arrest and that it had been used, and was being used, as a beverage, and this, with the admission of his former conviction, was ample to support the verdict of guilty as charged in the information.

Appellant took the witness stand in his own behalf. On his cross-examination he was asked several questions with reference to prior arrests for violations of the intoxicating liquor law, and as to his occupation. Some of the questions were objected to and the objections sustained; as to others the objections were overruled. It is the rule that where a party to an action, or especially a defendant in a criminal case, takes the witness stand in his own behalf, he may be cross-examined upon questions which affect his credibility as a witness. The extent to which an inquiry of this character shall go rests largely in the discretion of the trial court. We have no difficulty in saying in this case that the court did not abuse its discretion. It would serve no good purpose to detail the specific questions and answers complained of. Appellant's most strenuous complaint is, the asking of questions to which his objections were sustained, contending that the very asking of the questions in the presence of the jury was prejudicial. The court specifically instructed the jury at the time that questions, the objections to which were sustained, should not be considered by them; that it was the duty of the jury to determine the facts from the evidence which the court held to be proper and not to give consideration to anything else. There is no merit in appellant's contention.

Upon the motion for new trial appellant offered the affidavit of one of his companions at the time of his arrest as to where the party got the grape juice and that they had no intoxicating liquors, etc. This was offered as newly discovered evidence. Clearly it was not newly discovered evidence for the defendant knew as much about the facts in that regard, before the trial as after. It could only be considered on the theory of an absent witness, but the evidence did not disclose any diligence on the part of defendant to have this witness at the trial. He had made no effort to ascertain where she was, nor had he asked for a continuance on account of her absence. There is still another reason why it was not sufficient to require the granting of a new trial. This witness had made a statement in writing to the county attorney, under circumstances which would

indicate that she was telling the truth, which was contrary in every material respect to her affidavit filed on the motion for new trial. It was the opinion of the trial court that, in view of this former written statement, even if a new trial should be granted and this witness should appear for defendant, her testimony would not likely change the result. It was not error for the court to refuse a new trial.

Appellant contends that the verdict of the jury was the result of passion and prejudice, and as a reason for it, he says, that after the trial and the jury was discharged, he met several of the jurors at different times on the street or elsewhere, and asked each of them what transpired in the jury room, while they were considering the evidence and arriving at their verdict, and what facts influenced them in reaching their verdict, and that each of the jurors refused to talk to him about the matter. Counsel for appellant says this shows conclusively that the verdict was reached by passion and prejudice. Of course, it shows nothing of the kind. Jurors take an oath to perform their duty; presumably, they do it to the best of their knowledge and ability. There is no reason why they should be individually subjected to interrogation and cross-examination by counsel for the losing party. While there is nothing especially improper about a juror discussing those matters after the verdict, on the other hand, no litigant has an absolute right to interrogate the individual jurors upon those matters. The interest which an attorney, for a losing party, has in his case might be such that in a conversation with jurors, who returned a verdict against him, he would be argumentative and insistent, possibly abusive, and a juror is clearly within his rights in declining to discuss it with such attorney. In fact, an attorney is going out of his way, and beyond his proper sphere when he insists on talking with a juror about what transpired in a jury room when the juror indicates that he prefers not to discuss it.

None of the questions raised by appellant have any substantial merit. The appellant was fairly tried, the evidence abundantly shows his guilt, and the judgment of the court below will be affirmed.

HOPKINS, J., not sitting.