No. 25,635.

THE STATE OF KANSAS, *Appellee,* v. EMERY CLAY, *Appellant.*

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Information Charged a Felony.* The information in a criminal case examined and found to sufficiently charge a felony.

Appeal from Clark district court; LITTLETON M. DAY, judge. Opinion denying a rehearing filed January 10, 1925. (For original opinion of affirmance see 116 Kan. 724, 229 Pac. 71.)

*Robert C. Mayse,* of Ashland, for the appellant.

*C. B. Griffith,* attorney-general, and *J. B. Hayes,* county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: A petition for rehearing has been filed, expressing dissatisfaction with the statement of the evidence with reference

to a knife held by the defendant at the time of the assault. The statement in the opinion to which objection is made reads: "That immediately after the second time he struck Butz (knocking him down) he (defendant) again had his knife in his hand." One witness testified positively that the defendant had his knife in his hand after he knocked Butz down the second time. There were three other witnesses who testified that they did not know or did not see it. This testimony was given before the magistrate at the preliminary examination and also at the trial in the district court. Under the circumstances the positive evidence of the witness who saw the knife in defendant's hand was more potent and probably had more weight than the testimony of other witnesses whose attention may have been directed to something else, and who therefore did not see the knife.

The defendant also contends that the decision in this case overturns the rule announced in *The State v. Child*, 42 Kan. 611, 22 Pac. 72, where it was held that an indictment for a felony must distinctly allege "intent" to commit a felony. In the original opinion in the instant case a copy of the complaint was set out, with the statement that it was a copy of the information. This was a mistake. The information on which the defendant was tried distinctly alleged the intent. It reads:

"I, J. B. Hayes, the undersigned county attorney of said county, in the name and by the authority and on behalf of the state of Kansas, come now here and give the court to understand and be informed that on the 15th day of February, A. D. 1922, in the said county of Clark and state of Kansas, one Emery Clay did then and there unlawfully, feloniously and on purpose and with malice aforethought, in and upon the person of H. C. Butz then and there being, commit an assault, and did then and there, he the said Emery Clay, with a large pocket knife with the blade open, a dangerous and deadly weapon, liable to produce death or great bodily harm, and the said large pocket knife with the blade open, then and there in the right hand of the said Emery Clay held, did then and there the said Emery Clay, with the large pocket knife with the blade open aforesaid, unlawfully, feloniously on purpose and with malice aforethought, threaten to cut the guts out of the said H. C. Butz, with the intent then and there, him the said Emery Clay, unlawfully, feloniously, on purpose and with malice aforethought to kill said H. C. Butz. Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas."

It will readily be seen that the information in the instant case satisfied the rule laid down in *The State v. Child*, supra.

Other propositions advanced were sufficiently discussed in the original opinion.

The petition for rehearing is denied.