No. 39,379

STATE OF KANSAS, *Appellee*, v. CLAUDE LeROY LYTLE, *Appellant*.

(280 P. 2d 924)

Opinion filed March 5, 1955.

*Otto J. Koerner* and *George L. Adams*, both of Wichita, argued the cause, and *Benjamin F. Hegler, L. R. Meador*, and *John N. Stice*, all of Wichita, were with them on the briefs for the appellant.

*Jack Glaves*, deputy county attorney, and *Roy L. Rogers*, special prosecutor, argued the cause, and *Harold R. Fatzer*, attorney general, and *Warner Moore*, county attorney, were with them on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: The appellant, Claude Leroy Lytle, appeals herein from a conviction of maiming his former wife, Evelyn C. Lytle, as a result of his culpable negligence in violation of G. S. 1949, 21-435.

Appellant and Evelyn C. Lytle had been husband and wife since December 13, 1943. There were sons of the marriage but the num-

ber is not shown in the record. A divorce was granted to Evelyn C. Lytle on November 6, 1952. Evelyn C. Lytle, in company with Robert E. Blake in Blake's car on the night in question, December 13, 1952, was followed by appellant in his car. Blake drove his car into the driveway of the Medical Arts Building in the first block on North Minnesota in Wichita, Sedgwick county. Appellant parked his car across said driveway, blocking egress of the Blake car therefrom, went to the Blake car, and had some conversation with Blake regarding Blake's association with Evelyn C. Lytle and with the Lytle boys. Appellant returned to his car. Blake started his car and in an attempt to leave said driveway, the Blake car came in contact with the Lytle car at which time appellant again got out of his car, this time with a hammer type shotgun in his hand. Blake left the scene and went toward a filling station to call the police. Appellant walked around to the door on the side of the car where Mrs. Lytle was sitting. It is not clear from the record whether Mrs. Lytle voluntarily got out of the Blake car or was forced out by appellant but nevertheless she got out of the car and a struggle over the gun ensued, which resulted in the gun being discharged, and in maiming and disfiguring the right arm, and causing the loss of the right hand of Mrs. Lytle.

Appellant was arrested at 1:25 a. m. on December 14, 1952, by Roland P. Yergler of the Wichita Police Department. Appellant was in his car and offered no resistance. The shotgun (a single barrel Diamond-Arms hammer type gun), which had been used in the shooting, was lying in the front seat.

Appellant sets out eleven specifications of error. However, there are only three questions involved.

1. Did the trial judge err in his ruling on the sufficiency of the information?

2. Did the trial judge err in his rulings on the evidence?

3. Did the trial judge err in giving instructions to the jury or in refusing to give defendant's requested instructions?

The information (omitting the formal parts) charged in the first count as follows:

". . . that in the County of Sedgwick and State of Kansas, and on or about the 13th day of December, A. D., 1952, one CLAUDE LEROY LYTLE did then and there unlawfully, feloniously, wilfully on purpose and of malice aforethought of him the said CLAUDE LEROY LYTLE, disable a limb, to-wit: the right arm of one Evelyn C. Lytle, with intent to kill, maim *and* disfigure the said Evelyn C. Lytle, by shooting at and hitting the said Evelyn C.

Lytle, with gunshot pellets from a 12 gauge shotgun, a single barrel, Diamond-Arms make, a further description of which the affiant is unable to give for the reason that she does not know the same; all of said acts then and there committed being intentional, unlawful, felonious and wilful. . . ." (Our emphasis.)

This charge was drawn under G. S. 1949, 21-430, which reads in part as follows:

"Every person who shall, on purpose and of malice aforethought . . . cut off or disable any limb or member of any person, with intent to kill, maim *or* disfigure such person, shall upon conviction be punished by confinement and hard labor for a term not less than five nor exceeding ten years." (Our emphasis.)

The information (omitting formal parts) in the second count charged as follows:

". . . that in the County of Sedgwick and State of Kansas, and on or about the 13th day of December, A. D., 1952, one CLAUDE LEROY LYTLE did then and there unlawfully, feloniously, wilfully on purpose and with malice aforethought, shoot at and assault another, with a deadly weapon, to wit: a 12 gauge shotgun, single barrel, Diamond-Arms make, a further description of which this affiant is unable to give for the reason that she does not know the same, by a means of force likely to produce death or great bodily harm, with the intent in him, the said CLAUDE LEROY LYTLE, to kill or maim one Evelyn C. Lytle, and did then and there unlawfully, feloniously, purposely, deliberately and with malice aforethought, shoot at and hit the said Evelyn C. Lytle with gun shot pellets from the aforesaid gun, thereby wounding and maiming the said Evelyn C. Lytle; all of said acts then and there committed being intentional, unlawful, felonious and wilful. . . ."

This charge was drawn under G. S. 1949, 21-431, the pertinent part of which reads:

"Every person who shall, on purpose and of malice aforethought, shoot at . . . another . . . with intent to kill, maim . . . or in the attempt to commit any . . . other felony . . . shall be punished by confinement and hard labor for a term not exceeding ten years."

Counsel for appellant attacked the information by timely motions to quash, abate and discharge (see *Rice v. State,* 3 Kan. 141; *State v. Jessup,* 42 Kan. 422, 22 Pac. 627; *State v. Ashe,* 44 Kan. 84, 24 Pac. 72; *State v. Hupp,* 154 Kan. 410, 118 P. 2d 579) on the grounds there was no specific intent alleged and the allegations were in the conjunctive rather than in the disjunctive. The trial court properly overruled these motions for the reason that, in the first instance, a specific intent is clearly alleged in both counts. It must be remembered the common law required strict pleading on these matters but under our statutes this court has held that it is sufficient if words

are used which convey the same meaning. (See *State v. White*, 14 Kan. 538, 539; *State v. Child*, 42 Kan. 611, 614, 22 Pac. 721.) This court has held in the case of *State v. Douglas*, 124 Kan. 482, 260 Pac. 655, that the use of "and" might be preferable in the charging clause but the use of "or" in the disjunctive is well within the rule if it follows the statute. It is sufficient to charge it in the language of the statute or in terms substantially equivalent thereto. (G. S. 1949, 62-1009; 24 C. J. S., Criminal Law, § 1896, p. 868, note 48.)

At the close of the state's evidence, the trial court, upon motion of appellant's counsel, required the state to elect upon which count it would rely for prosecution and the state elected to rely on the first count. Therefore, the case was submitted to the jury on the first count and appellant was not prejudiced by the second count.

In the information the state properly charged the appellant in two counts and under the law it could rely for conviction on either of them. However, the trial court in correctly requiring the state to elect under the evidence left only the first count in the information. (*Claflin v. State*, 154 Kan. 452, 455, 119 P. 2d 540, and cases cited therein.)

The second question deals primarily with rulings of the trial court on the allowance and exclusion of evidence and we have not overlooked objection on the part of appellant's counsel to rulings on *voir dire* examination of the jurors. The trial court had the counsel and the jury before it and the extent of the *voir dire* examination was within its sound discretion. Since there was no abuse of this discretion and no prejudice was shown, the rulings will not be disturbed. (*Swift v. Platte*, 68 Kan. 1, 72 Pac. 271.) See, also, *State v. Rhoades*, 113 Kan. 455, 215 Pac. 291; 50 C. J. S., Juries, § 276d, p. 1058; 24 C. J. S., Criminal Law, § 1900a, p. 884.

There was evidence admitted and objected to in the court below and here regarding testimony by the state's witness, Mr. Blake, that he saw a gun in appellant's hand and went to the filling station at the corner of Minnesota and Douglas streets, a distance of approximately one half block, and told the attendant to call the police. This was part of the *res gestae* and certainly could not be prejudicial to appellant. (*State v. Appleby*, 155 Kan. 871, 130 P. 2d 568; G. S. 1949, 62-1718.) Appellant likewise objects to testimony of Hugh Herring regarding a "photograph showing the mangled right

hand and arm of the. . . ." This was not prejudicial to appellant. (*State v. Aldrich*, 174 Kan. 335, 341, 255 P. 2d 1027.)

It was not error for the trial court to exclude testimony as complained of by appellant for the reason that such testimony was not part of the *res gestae* or was the exclusion thereof prejudicial to appellant. (*State v. Barnett*, 156 Kan. 746, 752, 137 P. 2d 133.)

We now arrive at the third question in this case which covers the instructions given by the court and the requested instructions refused by the court. The instructions which were given by the trial court over objections of appellant's counsel are as follows:

"No. 4. Section 21-430 of the General Statutes of Kansas, 1949, provides as follows: 'Every person who shall, on purpose and of malice aforethought, cut or bite the ear, or cut or disable the tongue, put out an eye, or slit, cut or bite the nose or lip, or shall cut off or disable any limb or member of any person, with intent to kill, maim or disfigure such person, shall upon conviction be punished by confinement and hard labor for a term of not less than five nor exceeding ten years,' "

which was objected to because the penalty was set forth, and

"No. 5. Section 21-435 of the General Statutes of Kansas, 1949, provides as follows: 'If any person shall be maimed, wounded or disfigured, or receive great bodily harm, or his life be endangered by the act, procurement or culpable negligence of another, in cases and under circumstances which would constitute murder or manslaughter if death had ensued, the person by whose act, procurement or negligence such injury or danger of life shall be occasioned shall, in cases not otherwise provided for, be punished by confinement and hard labor not exceeding five years, or in the county jail not less than six months,' "

which was objected to because the penalty was set forth and for the further reason that G. S. 1949, 21-435 is not a lesser degree of G. S. 1949, 21-430.

Does the inclusion of the penalty in the instruction constitute reversible error? It is not such error even though we do not recommend or sanction the practice in Kansas, which is also the general rule, for the reason that the penalty is exclusively for the court, and the jury is not allowed to consider or assess any penalty except in a first degree murder conviction under G. S. 1949, 21-403. In such a case the jury has to determine whether the punishment shall be by "death, or by confinement and hard labor in the penitentiary of the state of Kansas for life." Our court has held in *State v. Hathaway*, 143 Kan. 605, 56 P. 2d 89, that the giving of an oral instruction as to penalties was prejudicial and reversed the case, but there the jury arrived at its verdict before the instruction was reduced to writing. (See, also, *State v. Bowser*,

124 Kan. 556, 561, 261 Pac. 846, 23 C.J.S., Criminal Law, § 1290b, p. 869; 53 Am. Jur., Trial, § 807, p. 596.)

It has been held that counsel may allude to penalties in *voir dire* examination to determine a juror's attitude on severity of penalty as was done in *State v. Curtis,* 108 Kan. 537, 540, 196 Pac. 445, but such procedure is covered here by the court's instruction No. 22, as follows:

"The only question for your consideration is the guilt or innocence of the defendant. The question of punishment, if you find the defendant guilty, is exclusively for the Court; and Counsel in the case will not be permitted to argue the question of punishment or refer to it in their argument. You should not permit this question to influence your verdict one way or the other."

Appellant's objection to instruction No. 5 because it was not a lesser degree is not well founded and does not merit discussion.

The court's instructions No. 20 and 21 were proper and were not prejudicial under the charge in the information. This is not a case of simple assault, as set out in a case where someone fires into the air or to the ground to scare someone. (*State v. Moran,* 46 Kan. 318, 26 Pac. 754; *State v. Triplett,* 52 Kan. 678, 35 Pac. 815.)

There is no doubt that the trial court in any criminal proceeding must instruct on all lesser degrees of the crime charged irrespective of the weight of evidence touching thereon if there is any evidence. (*State v. Severns,* 158 Kan. 453, 458, 148 P. 2d 488.) This does not require an instruction on assault and battery under G. S. 1949, 21-436 because such an instruction would be misleading (*State v. Mize,* 36 Kan. 187, 13 Pac. 1; *State v. Bridge,* 173 Kan. 13, 244 P. 2d 195) and no evidence was present to justify it. (*State v. Fletcher,* 174 Kan. 530, 531, 256 P. 2d 847; *State v. Barnett,* 156 Kan. 746, 137 P. 2d 133.)

This line of decisions sets out the rule of law which is also applicable to appellant's requested instruction on self-defense in that there is no evidence of any self-defense on the part of appellant. It was his gun, he brought it to the scene, he had it in his hands at all times, and he is the one who pulled the trigger under his own testimony, which is certainly not the case in *State v. Smith,* 161 Kan. 230, 167 P. 2d 594.

Counsel have been extremely diligent in presenting authorities in this case, which is a commendable trait for attorneys to display, especially in a criminal proceeding.

The trial court did not err in overruling the motion for a new trial.

The judgment of the trial court is affirmed.