No. 42,126

STATE OF KANSAS, *Appellee*, v. ROBERT MOFFITT, *Appellant*.

(360 P. 2d 886)

Opinion filed April 8, 1961.

*Guy L. Goodwin*, deputy county attorney, argued the cause, and *William M. Ferguson*, attorney general, *Robert E. Hoffman*, assistant attorney general, and *Keith Sanborn*, county attorney, were with him on the briefs for the appellee.

*E. Lael Alkire*, of Wichita, argued the cause, and *J. D. White*, *William L. Fry*, and *John D. McBride*, all of Wichita, were with him on the briefs for the appellant.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from the trial court's judgment wherein appellant's motion for new trial was overruled, where he was sentenced under G. S. 1949, 21-1102 on one count of a misdemeanor prosecution to imprisonment in the Sedgwick county jail for thirty days and assessed a fine of $200.00, and was further sentenced on

a second count to a like imprisonment and fine under the same statute, the sentences to run consecutively and not concurrently, and to pay the costs of the action.

The verified information and warrant issued, upon which appellant was arrested and tried before a jury, after stating the date of December 21, 1959, in substance, alleged in count one that appellant unlawfully and willfully for money did sell, lend, offer, show and exhibit and had in his possession with the intent so to do, as well as to distribute, or to cause to be distributed, 30,000 indecent and obscene pictures, prints, drawings, etc., printed by photographic processes onto strips of photographic film so that when light passed through the film, with intermittent interruptions by a shutter, the pictures cast images on a light-reflecting surface, and human beings were portrayed performing acts of sexual intercourse in an obscene and indecent fashion. The same charge was alleged in a second count but the number of pictures involved was 40,000. The wording of the information followed substantially that of the statute (G. S. 1949, 21-1102) and such wording has many times been held by this court to be sufficient. (*State v. Lytle*, 177 Kan. 408, 410, 411, 280 P. 2d 924; *State v. McGaugh*, 180 Kan. 850, 308 P. 2d 85; *Gray v. Hand*, 186 Kan. 668, 352 P. 2d 3.) This rule was applied especially to misdemeanors in *State v. Thomas*, 177 Kan. 230, 231, 277 P. 2d 577. Therefore, the defendant's first contention of error—that the trial court erred in overruling his motion to quash the information because it did not sufficiently inform him of the charges so he could properly prepare his defense—is not good.

In regard to his second specification of error, defendant states that if his motion to quash was good, his motion to require the state to elect which count it was relying on for prosecution of the defendant was likewise good. This may be correct, but be that as it may, we think the two counts are so close in time and relation to each other that an election of one count could not have been required without absolutely defeating the other and excluding any prosecution thereon. (*State v. Neff*, 169 Kan. 116, 218 P. 2d 248.) The trial court correctly overruled the motion to elect.

Defendant argues the trial court erred by not allowing defendant to make an opening statement immediately after the state's opening statement but since this point was neither designated in the motion for new trial nor included in the specifications of error, we shall not discuss it. (*State v. Morrow*, 186 Kan. 342, 349 P. 2d 945.)

The complaint about having been delayed in making his opening statement may just have been preliminary to defendant's third specification of error regarding the fact that the trial court disallowed defense evidence which was offered to establish entrapment. After the state had offered its evidence in support of the prosecution, defendant was allowed to make an opening statement. This was proper procedure in a criminal trial. (G. S. 1949, 62-1438, *First, Second.*)

Did the trial court err in refusing to admit testimony of defense witnesses—Tucker, Winters, and Stewart—which defendant proffered claiming it to be evidence of entrapment at least sufficient to justify an instruction thereon?

Tucker, an agent for defendant in posting bonds and bail in criminal cases in Sedgwick county, including the court of common pleas, about December 21, 1959, had a conversation with the marshal of the court of common pleas, who stated that if defendant had the film the marshal's boys were to go get him, but if Tucker had the film, then they were to "forget it."

Later, in the courthouse hallway, the marshal asked Tucker why he did not leave the defendant and "tie up with" Don Morris because he, the marshal, was going to get a warrant for defendant for concealing mortgaged property. While this conversation was taking place, defendant came into the courthouse hallway. Tucker told the marshal to tell the defendant his troubles and, as Tucker walked away, he heard the marshal tell the defendant that he was going to get him and nail him to the cross.

The second proffered witness, Winters, testified that after defendant's arrest, he had a conversation with Hodge, an employee of Midwest Plastic Corporation, who was a witness for the state; that Hodge had made the statement to him that he only liked to get people on misdemeanor charges "where there could not be after effects on it." Hodge also stated that is soon as he had eliminated defendant, Morris would be eliminated and Hodge would then be appointed bondsman for the court of common pleas and the marshal's office.

Stewart's testimony showed a connection between Ray Bartholomew, another state's witness, and the marshal's office, and that Mrs. Bartholomew had made threatening phone calls to Mrs. Stewart to the effect that the witness would be "framed up" if he did not watch his step.

Defendant argues that he was deprived of the defense of entrapment by reason of the exclusion of the testimony of the three above witnesses because their testimony made clear that the marshal of the court of common pleas and Hodge, the state's principal witness, were both trying to put the defendant out of the bonding business.

While this claim of error was not particularly pointed out in the motion for new trial (*State v. Morrow,* supra), we have set out the substance of the proffer of testimony because of a later question related thereto. The proffered testimony would have to be connected with the charge herein filed before the rejection of it was improper and it would be stretching the evidence offered by the three witnesses to say that disposing of mortgaged property was remotely similar to the charges in counts one and two of the information whereby an entrapment could have been established as a defense. See *State v. Crowder,* 41 Kan. 101, 21 Pac. 208. The same is also applicable to the instructions. The trial court did not err in denying a requested instruction thereon and in failing to give one of its own. (*State v. Moore,* 77 Kan. 736, 95 Pac. 409; *State v. Driscoll,* 119 Kan. 473, 476, 239 Pac. 1105.)

We have checked authorities cited by defendant in support of his theory on entrapment, but they are either distinguishable from our present case or do not support defendant's theory, and discussion of them is, therefore, unnecessary. In connection therewith, see *State v. Herschberger,* 160 Kan. 514, 163 P. 2d 407; *State, ex rel., v. Leopold,* 172 Kan. 371, 240 P. 2d 138; *State v. Visco,* 183 Kan. 562, 331 P. 2d 318.

The remaining contentions of error do not merit particular attention because the record shows that defendant either fails to establish abuse of judicial discretion in the rulings made by the trial court in regard to admissibility of evidence, or fails to make a proper and timely showing that his substantial rights were prejudiced thereby.

Since defendant had the burden of showing affirmatively that his substantial rights had been prejudicially affected by the rulings of the trial court, his failure so to do means that the judgment of the trial court will not be disturbed.

Judgment affirmed.