No. 54,289

STATE OF KANSAS, *Appellee,* v. DANIEL J. JACKSON, *Appellant.*

(670 P.2d 1327)

Opinion filed October 21, 1983.

*Robert J. Schmisseur,* of Hampton, Hampton & Schmisseur, of Pratt, argued the cause, and was on the brief for the appellant.

*Daniel J. Jackson* was on the brief, pro se.

*Philip D. Lunt,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal from a conviction of felony theft (K.S.A. 21-3701). This prosecution arose out of the theft of a 1964 Chevrolet automobile from a used car lot in Pratt which occurred on the night of July 22, 1981. The car had no license tag, but a pickup truck on the same lot had a dealer's tag attached. That tag was also stolen at the same time. The police were notified. On August 21, 1981, a policeman observed the stolen vehicle in Wichita. The dealer's stolen license tag was on the car. The defendant, Daniel J. Jackson, was driving the vehicle and there was a woman passenger. Defendant's clothing and personal items were in the car, and he indicated to the police that it was his car.

At the trial, defendant took the witness stand and testified that he had purchased the car for $150 on August 17, 1981, from a man he did not know at Caesar's Palace, a private club in Wichita. Defendant testified that he had been living out of the car and did not know that the car had been stolen. Defendant testified that he was in Derby, Kansas, on the night the car was stolen. He presented no testimony to corroborate his testimony, even though he claimed that he was with a friend on that evening. The defendant offered no documents of title or a contract of sale and presented no witnesses to the sale, even though he testified that a girlfriend and a male friend were with him at the nightclub on the evening he purchased the car. The jury did not believe the defendant's testimony, and he was convicted.

Following his conviction, the defendant was sentenced to the custody of the Secretary of Corrections. He was evaluated at the Kansas Reception and Diagnostic Center which recommended that he be placed on probation. The defendant was placed on probation on June 2, 1982, on the condition that he reside at Sunrise, Incorporated, an alcoholic treatment center. A motion to revoke probation was filed on August 19, 1982. Defendant was returned to Pratt County for a probation revocation hearing which was held on September 13, 1982. The district court revoked the defendant's probation and he was placed in the custody of the Secretary of Corrections to serve his original sentence of three to ten years. The defendant took an appeal from his conviction and also from his probation revocation. Defendant Jackson and his court-appointed attorney have filed separate briefs with this court.

The first point on the appeal challenges the sufficiency of the evidence to prove that the defendant was guilty of theft. The evidence presented by the State at the trial is summarized above. The standard for review in a criminal case where it is claimed that the evidence was not sufficient to support a verdict of guilty is this: Whether the evidence when viewed in the light most favorable to the prosecution convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Peoples,* 227 Kan. 127, 133, 605 P.2d 135 (1980). On appeal, an appellate court does not weigh the evidence and, if the essential elements of the charge are sustained by any competent evidence, the conviction must stand.

On the basis of the evidence presented at the trial in this case, we have no hesitancy in holding that the evidence presented by the State was sufficient to sustain the conviction.

The second point raised on the appeal is that the trial court erred by unduly limiting the voir dire examination of the jury by the defendant who appeared pro se. Defendant claims that as a result he was denied a fair trial. We have carefully examined the transcript of the proceedings in this case and concluded that this point has no merit. A trial court has a broad discretion in controlling the voir dire examination in criminal cases. In the absence of a showing of an abuse of discretion and prejudice, the rulings of a trial court limiting a defendant's voir dire examination of jurors will not be made the basis for a reversal of a case. *State v. Lytle*, 177 Kan. 408, 280 P.2d 924 (1955). The record discloses that the trial court never limited the scope of the voir dire examination by the defendant except by requiring both counsel to ask questions of the jury collectively and then to follow up with specific questions to individual jurors where applicable. One question asked by the defendant was very confusing and the court suggested that it was not a fair question. The court rephrased the question in a fair and understandable way. The defendant then passed the jury for cause. We find that this point is without merit.

The defendant next complains that the trial court improperly admitted hearsay evidence that the automobile operated by the defendant was suspected of having possibly been used in a burglary. The defendant objected on the grounds of irrelevance, not hearsay. We have considered the record and concluded that the defendant has not shown that the admission was in any way prejudicial so as to deny the defendant a fair trial. The police officer who made the arrest simply testified that, at the time he first observed the vehicle, his partner suggested to him that this was a car on which there was a pick-up order because it was possibly used in a burglary. There was no evidence whatsoever presented that the car had actually been used in another crime. Under the circumstances, we find no reversible error.

The defendant's fourth point on the appeal is that the trial court erred in denying the defendant's motion for a continuance after his court-appointed attorney was permitted to withdraw. The record shows that the defendant chose to defend himself.

The trial court had previously granted other continuances in the case, and the disposition of the case had been delayed. The trial court obviously found that further delay was not needed. At the time the continuance was denied, the defendant failed to make any showing that a continuance was needed to obtain other witnesses or that he would be prejudiced by trial of the case at the time previously set. The defendant has failed to show that he would have done anything differently than he actually did at the trial. We find no abuse of discretion by the trial court in denying defendant's motion for a continuance.

The final point raised by the defendant is that the trial court erred in failing to issue subpoenas for defendant's witnesses to appear at the probation revocation hearing. The record shows that the State moved to revoke the defendant's probation on August 18, 1982. The hearing was set for September 13, 1982. On August 30, 1982, the defendant filed a motion requesting the court to issue subpoenas for twenty-nine witnesses. All but one of the witnesses listed were from the Larned area. At the hearing held on September 13, 1982, the State announced that it was calling three witnesses who had also been subpoenaed by the defendant. At that time, the trial court advised defendant Jackson that subpoenas had not been issued for any of the witnesses listed in his motion. The defendant protested, stating that the witnesses were essential for his defense and that the witnesses subpoenaed were indirectly linked with the allegations upon which the probation revocation hearing was based. The court stated in the record that it could not imagine how twenty-nine witnesses could be used in a probation revocation hearing and that the court felt that defendant was trying to use the procedures and functions of the court for some perverse reason, which was unknown to the court. The probation revocation proceeding then was held, and the defendant's probation was revoked.

In *Morrissey v. Brewer*, 408 U.S. 471, 33 L.Ed.2d 484, 92 S.Ct. 2593 (1972), the United States Supreme Court held that the minimum requirements of due process in revoking paroles include, among others, the opportunity to be heard in person and to present witnesses and documentary evidence. K.S.A. 22-3716(2), which governs the procedure at a probation revocation hearing, provides that the defendant shall have the right to present the testimony of witnesses and other evidence on his

behalf. In *Toman v. State,* 213 Kan. 857, 859, 518 P.2d 502 (1974), this court held that the Kansas statute complied with due process requirements as judicially declared in *Morrissey.*

We have no cases which deal directly with the question whether the State has a duty to subpoena witnesses for a defendant appearing pro se. Here the defendant was representing himself. If the defendant had been represented by counsel, his counsel would certainly have taken the necessary step to insure the appearance of witnesses after defendant filed his motion to subpoena witnesses. If the court felt there was an abuse of process by the defendant, it should have set defendant's motion for hearing and determined which witnesses could have been of assistance to the defendant at the hearing in light of the charges which were the basis for the probation revocation. In this case, the court summarily denied subpoenas for *all* the witnesses requested by the defendant and made no attempt to assist defendant in limiting the defense witnesses to those whose testimony might be helpful. It was not until the actual hearing of the case that the court advised defendant that no subpoenas had been issued. Where a defendant appears pro se, a trial court should, if reasonably required, assist the defendant in obtaining subpoenas for defense witnesses, which are necessary for a fair presentation of the defendant's position at the hearing. Under all the circumstances, we have concluded that defendant was denied a fair hearing and that the order of the court revoking defendant's probation should be set aside and the case remanded to the district court with directions to afford defendant a new probation revocation hearing so that he can present his witnesses on that issue.

We note that the defendant, in his pro se brief, raises other points which we have considered and find to be without merit.

For the reasons set forth above, the judgment of conviction is affirmed. The order of the district court revoking defendant's probation is reversed and the case is remanded to the district court with directions to grant defendant a new hearing on revocation of defendant's probation.