THE STATE OF KANSAS v. FRANCIS CRADDOCK.

LANGUAGE OF STATUTE—*Sufficient Complaint.* A complaint, under
¶ 2393, General Statutes of 1889, charging an offense in the language
of the statute, is sufficient.

*Appeal from Montgomery District Court.*

*S. M. Porter,* for appellant.

*L. B. Kellogg,* attorney general, for The State.

Opinion by STRANG, C.: On the 18th day of July, 1889,
D. Wesner filed a complaint before H. D. Grant, a justice of
the peace of Montgomery county, Kansas, charging Francis
Craddock with having on the 22d of June, 1889, at the county
of Montgomery and state of Kansas, "unlawfully and will-
fully disturbed the peace" of him the said D. Wesner, con-
trary to the statute, and against the peace and dignity of the
state of Kansas. A warrant issued, describing the offense in
the language of the statute, upon which Craddock was ar-
rested and brought before said justice, where after several
continuances he was tried by a jury of four and convicted,
and was thereupon sentenced to pay a fine of one dollar and
costs. Craddock appealed to the district court, where he filed
a plea in abatement, which was overruled. He then applied
for a continuance, which was also overruled, and the case
brought to trial before the court and a jury of twelve, which
trial resulted in a conviction of the defendant. Motion for
a new trial was presented and overruled, and defendant sen-
tenced to pay a fine of ten dollars and costs; from which judg-
ment the defendant appeals to this court, and alleges that the
judgment of the trial court should be reversed, for the follow-
ing reason: That the complaint and warrant are void, for the
reason that no public offense is charged in either. The section
of the statute under which the prosecution is brought, reads as
follows:

"Every person who shall willfully disturb the peace and
quiet of any person, family or neighborhood, shall upon con-

viction thereof be fined in a sum not exceeding one hundred dollars, or by imprisonment in the county jail not exceeding three months."

It will be seen that the complaint follows the language of the statute in charging the offense, except that the complaint alleges that the appellant unlawfully as well as willfully disturbed the peace of the complainant. The charge against the appellant is a petty misdemeanor. We think the complaint and warrant in this case must be held to be sufficient. (Gen. Stat. of 1889, ¶ 5173; *The State v. McGaffin,* 36 Kas. 315.)

The appellant complains that in the trial in the justice's court the jury were not legally impaneled, and that the verdict of the jury thereon was void for uncertainty. The judgment of the court, including the verdict of the jury, was vacated by the defendant's appeal to the district court, where he had a trial *de novo;* hence these errors, if they existed as alleged, are not the subject of review here. The appellant filed a plea in abatement in the district court, which was overruled, and of which ruling he complains. We think the plea in abatement was properly overruled. It raised no question except possibly the question of the sufficiency of the complaint and warrant, and that question should have been raised by motion to quash. The other matters alleged in the plea do not constitute grounds for a plea in abatement.

The appellant alleges that the court erred in refusing his application for a continuance. We think the court very properly refused the application for continuance. The alleged evidence set up in the affidavit in support of the application was immaterial, if not incompetent. It is alleged that the court erred in the admission of testimony; that the court misdirected the jury in matters of law; and that the verdict is not sustained by evidence. But as the instructions of the court are not in the record, and as none of the evidence is preserved, these complaints may not be considered.

We recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.