No. 28,343.

THE STATE OF KANSAS, *Appellee*, v. CHARLES LOVELL, *Appellant*. .

(272 Pac. 666.)

Opinion filed December 8, 1928.

*Clement F. Clark,* of Wichita, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, *William J. Wertz,* county attorney, *George L. Adams, W. B. Harms* and *P. K. Smith,* assistant county attorneys, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendant was convicted of the possession and sale of morphine, and appeals, contending, among other things, that a motion to discharge should have been sustained because of his entrapment by federal narcotic agents. The facts are substantially these: Federal narcotic agents gave to one Farrow five marked dollar bills with which to purchase morphine from the defendant. Farrow met defendant in a restaurant and made the purchase. Farrow then went to the street and advised the federal agents and a police

officer of the purchase. The police officer went into the restaurant and told defendant he was wanted outside. He came out, was arrested and searched, and the marked bills were found upon his person. He admitted that he had made the sale.

It is argued that the acts of the federal agents and the others acting with them amounted to a conspiracy to "create a criminal," especially condemned in *United States v. Healy,* 202 Fed. 349; *United States v. Echols,* 253 Fed. 862; *Casey v. United States* (Apr. 1928, Adv. Op. 425). There was evidence indicating that defendant was in the business of marketing narcotics, and what appears to have happened was that the government agents set a "decoy" which successfully entrapped the defendant. (*Casey v. United States,* supra, p. 423.) He told of his plant in the country and took the officers to it, but it was found to have been washed away by heavy rains. This court in *State v. Mullins,* 95 Kan. 280, 303, 147 Pac. 828, approved the use of detectives in procuring testimony, and there appears no good reason to change the rule.

Defendant contends the court erred in its refusal to permit his counsel to read to the jurors on their *voir-dire* examination the penalty provided for the offense charged against him, and in support of his contention cites *State v. Curtis,* 108 Kan. 537, 196 Pac. 445. What was there said is not applicable here. The statute provides:

"No person who believes the punishment fixed by the law to be too severe for the offense or entertains any opinion that would preclude his finding the defendant guilty, shall be sworn as a juror." (R. S. 62-1405.)

In the instant case the defendant sought to read the statute to the jurors to ascertain if they did not think "the penalty too lenient for the offense." The court adopted the theory, and we think not improperly, that as the jurors did not know what the punishment was, they could not be influenced or prejudiced by it. (See *State v. Woodman,* post, p. 166, this day decided.) However, the court specifically stated to the defendant that he would be permitted to ask any juror that did know the punishment if he thought it was too lenient, but the record indicates that no juror knew what the punishment was. If the jurors had thought the punishment too lenient it would have been to defendant's advantage rather than to his prejudice.

The defendant complains of questions asked the jurors by the state's attorneys, whether they would have any prejudice against

government agents making a plan beforehand to procure evidence. He argues that the real object of the questions was to overawe the members of the jury and create a false impression beneficial to the state in the trial. The contention is without substantial merit.

It is argued that the narcotic law (Laws 1927, ch. 241) is unconstitutional because it discriminates against physicians and others, in that it does not protect them as does the federal law, and that it discriminates against and fails to protect common carriers and others who are exempted by the federal law. That under its provisions any of those mentioned are subject to arrest and prosecution. Also, that the punishment thereunder is cruel because it is unscientific. That practically all possessors of narcotics are users, and that the legislature should provide for treatment and cure instead of punishment.

The contention of the defendant cannot be sustained. The state is not forbidden to enact such a law as that under consideration, nor is it limited by the fact that the provisions of the federal act differ in some respects from our statute. Then too, it is a matter of general knowledge that penal institutions of this state are equipped with hospital wards for the cure of those afflicted with such ailments. Moreover, the contention of the defendant that most of the possessors of narcotics are users carries no weight so far as he is concerned, because he testified that he was not a user of narcotics.

Complaints that the court erred in restricting the cross-examination of the witness Farrow and in excluding the testimony of certain character witnesses, have been considered but cannot be sustained.

We are able to discern no error which would warrant a reversal. The judgment is affirmed.