No. 37,818

STATE OF KANSAS, *Appellee,* v. BENJAMIN F. STROBLE, *Appellant.*

(217 P. 2d 1073)

Opinion filed May 6, 1950.

*John S. Haney,* of Leavenworth, argued the cause, and was on the briefs for the appellant.

*James N. Snyder,* assistant county attorney, argued the cause, and *Harold R. Fatzer,* attorney general, *C. Harold Hughes,* assistant attorney general, and *Colonel H. Boone,* county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal by defendant from a conviction on five separate counts of disturbing the peace. The defendant on various dates between November 29 and December 17, 1948, while riding along the Leavenworth city streets in an automobile, approached, talked to, and made attempts to pick up various school girls between the ages of ten and thirteen years, by soliciting them to get in the car and show him where certain school buildings were located or to get in the car and he would take them to their destinations. When his offer was refused, as it was in each instance, he would either follow the girl or reiterate his offer to give her a ride.

The complaint as originally filed in the Leavenworth City Court contained ten counts, and defendant was there found guilty on counts 1, 2, 4, 5, 6, 8, and 10. On appeal to the district court, defendant entered a plea of not guilty, waived a jury and consented that the case be tried by the court; and was found guilty on counts 1, 2, 4, 5 and 8. The pertinent part of count 1 of the complaint reads:

"John H. Murray, County Attorney, being duly sworn says that at said county and state aforesaid, on or about the 17th day of December, A. D. 1948, the said . . . [defendant] . . . then and there being did unlawfully and willfully disturb the peace and quiet of Freda Adams and of the neighborhood.

"All of which the said . . . [defendant] . . . did in violation of the laws of Kansas."

Counts 2, 4, 5 and 8 were drafted in the same manner except as to the date the alleged act was committed and the name of the school girl whose peace and quiet was disturbed; and counts 4, 5 and 8 did not contain the words "and of the neighborhood" at the end of the first paragraph.

The facts as to each count as adduced by the evidence may be briefly stated. Count 1: On December 17, 1948, Freda Adams, 13 years of age, was accosted by the defendant while alone on her way to school. He inquired where she was going and offered her a ride, but she kept on walking; shortly thereafter he again drove up and offered her a ride and opened the car door, then drove away as police came on the scene.

Count 2: On November 29, 1948, Barbara Reed, 11 years of age, while alone on the way to school, was accosted by the defendant. He called to her and asked if she wanted a ride; she did not answer, and defendant drove on. After she had walked two blocks farther, defendant drove past again; he said his name was "Benny", asked her name, and if she wanted a ride. She told him she did not want a ride; he said: "You might as well come on", but she refused and walked hastily on south. Defendant opened the car door when he asked her to ride the second time. He was alone in the car, and she had never seen him before.

Count 4: On November 29, 1948, Dee Ann Jess, age 12 years, while walking alone on her way from school, was accosted by the defendant. He drove his car to the south side of Vine Street and as he did so she crossed to the north side of the street to avoid him; the defendant then drove his car to the north side of the street and stopped and inquired of her where the Third Avenue School was; she directed him and he said, "hop in and show me the way". She replied, "No, my mother doesn't want me to and I will walk on", which she did, and again defendant stopped her and asked where the Sacred Heart School was and she gave him directions. He drove to the corner, stopped his car and looked back. She became fright-

ened and started to run. She had not seen the defendant before that day.

Count 5: On December 1, 1948, Marcia Holman, age 10, walking alone on the way to school, was accosted by the defendant and asked to show him the way to the Third Avenue School. She pointed it out to him, and he said, "Well, would you ride and show me?" She refused and continued walking. She had never seen the defendant before that day.

Count 8: On December 16, 1948, Shirley Haddock, 11 years of age, while walking alone from her home to the grocery store, was accosted by the defendant and asked if she wanted a ride, to which she answered "no" and kept on walking. Defendant was alone in his automobile and did not ask her where she was going. She had not seen him before that day.

Defendant first argues that the court erred in overruling his motion to dismiss, on the ground the complaint failed to designate any definite or particular act or acts constituting the offense of disturbing the peace punishable under G. S. 1935, 21-950, and that the opening statement by the state to the court failed to cure this defect. Material provisions of G. S. 1935, 21-950 are:

"Every person who shall willfully disturb the peace and quiet of any person, family or neighborhood, shall upon conviction thereof, be fined . . ."

It is conceded that the offense in each count of the complaint is charged in the language of the statute defining the offense, but appellant contends this is not sufficient—that the particular facts and illegal acts should be charged in order that the defendant may be better enabled to prepare his defense. While in some jurisdictions this has been held requisite, in this state the practice of charging misdemeanors in the language of the statute which defines the offense has been recognized and held to be sufficient. We find no reason for abrogating this rule. There might be cases in which a defendant was left in doubt as to what act or acts of his were claimed to be a violation of the law by such a charge, but this is not such a case. (*State v. McGaffin*, 36 Kan. 315, 13 Pac. 560; *State v. Craddock*, 44 Kan. 489, 24 Pac. 949; *State v. Brower*, 75 Kan. 823, 88 Pac. 884.)

Error is next assigned in the court's order overruling defendant's demurrer to the state's evidence and motion to dismiss on each count at the close of the state's case. In support of defendant's contention,

he asks four questions: (1) Does asking a child if she wants a ride to school and nothing more constitute a breach of the peace under G. S. 1935, 21-950? (2) Does the simple repetition of such question a second time, and nothing more, constitute a disturbance of the peace? (3) Does asking a child the direction to two schools and asking if she wants a ride that way and point them out to him and nothing more, constitute a disturbance of the peace? (4) Does asking a child carrying a sack of groceries if she wants a ride and nothing more, constitute a breach of the peace?

What constitutes a disturbance of the peace and quiet of a person or neighborhood, or what constitutes rude behavior or disorderly conduct, depends upon the intention of the person uttering the language, the person to whom uttered, and all the surrounding facts and circumstances. All these elements are proper issues for the trier of the facts. (*City of Fort Scott v. Arbuckle,* 164 Kan. 49, 187 P. 2d 348.) The offense known as breach of the peace embraces a great variety of conduct destroying or menacing public order and tranquillity. It includes not only violent acts, but acts and words *likely to produce violence to others.* Stopping each little girl once and asking directions to a certain school or to ride might in some circumstances be considered proper or an act of kindness, but under the circumstances disclosed by the record in this case, it cannot be said the court was not justified in finding that a repetition of such approaches was a course of conduct amounting to molestation and a breach of the peace of the innocent children involved. This invasion of the privacy of innocent children and this disturbance of the peace of mind of parents to whom a civilized government should give unmistakable assurance of the safety of their loved ones in going to and returning from school, cannot have escaped the attention of the legislature in the passage of the law now under consideration.

A careful examination of the record discloses that the court's findings on each count of the complaint were sustained by the evidence. The judgment is affirmed.