STATE OF KANSAS, *Appellee*, v. CHARLES MACEO THOMAS, *Appellant*.

No. 39,629

STATE OF KANSAS, ex rel., Doral H. Hawks, County Attorney of Shawnee County, Kansas, *Appellee*, v. CHARLES MACEO THOMAS, *Appellant*.

(277 P. 2d 577)

Opinion filed December 11, 1954.

*Elisha Scott, Sr.*, of Topeka, argued the cause, and *John J. Scott, Charles S. Scott*, and *Samuel Jackson*, all of Topeka, were with him on the briefs for the appellant.

*Robert M. Brown*, assistant county attorney, of Shawnee County, argued the cause, and *Harold R. Fatzer*, attorney general, and *Doral H. Hawks*, county attorney, of Shawnee County, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: In case No. 39,547, the defendant appeals from a conviction and sentence on four separate counts of an information charging a violation of the Kansas Liquor Control Act (G. S. 1949, ch. 41).

Each of the first two counts charged the defendant with unlawfully selling alcoholic liquor at retail without first obtaining a license to do so, in violation of G. S. 1949, 41-901. The third count

charged the defendant with unlawfully refilling, in whole, an empty original package of Old Hickory, 100 proof bonded whiskey with another kind and quality of alcoholic liquor, in violation of G. S. 1949, 41-718. The fourth count charged the defendant with maintaining an open saloon, in violation of G. S. 1949, 41-803.

The defendant lodged a motion to quash the information on the ground that the allegations contained in each count did not constitute a public offense. It must be conceded that the offense alleged in each count of the information is a misdemeanor, and charged in the language of the statute defining the offense. However, the defendant contends this is not sufficient—that the particular facts and the illegal act should be charged in order that the defendant may be better enabled to prepare his defense. While in some jurisdictions this has been held requisite, in this state the practice of charging misdemeanors in the language of the statute which defines the offense has been recognized and held to be sufficient, and we find no reason for abrogating this rule. (*State v. Stroble,* 169 Kan. 167, 217 P. 2d 1073.) The authorities sustaining this rule are fully discussed in *State v. Hazen,* 160 Kan. 733, 737, 738, 165 P. 2d 234.

It is asserted the information was insufficient because it did not state with definiteness and certainty the exact dates the alleged offenses were committed. This was unnecessary. There is nothing in the record to show that the defendant made any objection or request that the state be required to set forth the exact date. The precise time of the commission of an offense need not be stated in the indictment or information, but it is sufficient if shown to have been within the statute of limitations. (G. S. 1949, 62-1006. See, also, *State v. Bowman,* 106 Kan. 430, 188 Pac. 242; *State v. Freeman,* 143 Kan. 315, 55 P. 2d 362.) The offense was alleged, in each separate count, to have been committed on the —— day of October, 1953. The information was filed on October 31, 1953. This is sufficient compliance with the statute, and the defendant was not prejudiced thereby.

Defendant contends the trial court erred in permitting witness Stork to testify that he could distinguish between whiskey, gin, wines and other alcoholic beverages, although he was not a chemist and did not know the particular ingredients of whiskey. The witness testified that he was a law enforcement officer, that he drank whiskey in the defendant's place of business on several oc-

casions, that he smelled the contents of the bottle and the drinks served him, and that they contained whiskey and were intoxicating. There was an abundance of other evidence sustaining the fact that the contents of the bottle and the drinks served were whiskey, and were purchased from the defendant. Among the witnesses was a chemist who made an analysis of the liquid purchased, and he testified it was 86 proof whiskey and intoxicating liquor.

We have held that officers of experience, on finding liquor, may determine from its appearance and by sense of smell that it is a particular kind of liquor, and that it is intoxicating. (*State v. Brown*, 119 Kan. 874, 241 Pac. 112, 272 U. S. 465, 71 L. ed. 354, 47 S. Ct. 133, 47 A. L. R. 1044.)

Defendant further contends there was no evidence showing that he was operating an open saloon in violation of section 41-803, stating that there was no proof that he was the owner or had any direct control over the place of business. This contention is without merit. There was an abundance of evidence that the defendant was in charge of the place of business and operating the same, and that he mixed the drinks and filled the bottles of liquor which were sold to one of the State's witnesses. Moreover, the defendant himself informed one of the State's witnesses that he was the owner of the Club on the night of the raid, and no useful purpose would be served in reiterating all the testimony sustaining the State's case.

Defendant's principal contention was that the sentence imposed on counts one and two of the information was excessive and void. He was sentenced on the first count to serve thirty days in the county jail and pay a fine of $200, and on the second count, confinement in the county jail for a period of four months, and pay a fine of $200. G. S. 1949, 41-901, provides in pertinent part as follows:

". . . shall for a first offense be fined not more than five hundred dollars, and for a second or subsequent offense shall be fined not more than one thousand dollars or be imprisoned for not more than six months or be both so fined and imprisoned, except where other penalties are specifically provided . . ."

Defendant contends that he should have been sentenced as a first offender, and that the sentence on the first two counts of the information should not exceed a fine of $500. We cannot agree with defendant's contention. The record discloses that immediately prior to the time of sentence, the court inquired of the county attorney if he had any recommendation, and he replied:

". . ., I would like to call to the Court's attention that Maceo Thomas was convicted here in 1951 of selling liquor without a license and at that time received a sentence of 120 days in jail and a fine of—how much, Elisha? (Scott, defendant's counsel). Mr. Scott: $200.00."

The defendant's counsel then made a request before sentence was passed.

Mr. Scott: ". . . Maceo is not the fellow that he is painted to be. He is not a bad fellow. *It is true he had a previous conviction . . .*" (Italics supplied.)

The court then imposed the sentence under the mentioned statute as for a second and subsequent offense, and the sentence was well within the provisions of the statute.

Defendant contends in a concluding paragraph of his brief that his rights guaranteed by the fifth and fourteenth amendments to the Constitution of the United States have been violated in that defendant was forced to turn over a certain $10 bill, the serial number of which had been previously recorded before being used to purchase whiskey from the defendant, and later used in evidence.

There is nothing in the record to indicate that the defendant was forced to turn over the $10 bill. It was introduced in evidence, and the manner in which it was obtained from the defendant is not disclosed. The right to use marked money has been approved by this court in *State v. Lovell*, 127 Kan. 157, 272 Pac. 666.

The fifth amendment to the Constitution of the United States is a limitation on the powers of the national government and not on the powers of the State. (*Maxwell v. Hudspeth*, 175 F. 2d 318 (Tenth Circuit). ) This provision of the constitution is applicable to Federal courts only, and not to State courts. (*State v. Newton*, 74 Kan. 561, 563, 87 Pac. 757.)

Defendant does not make it appear wherein his rights under the fourteenth amendment have been violated, and cites no authority to sustain his single statement with reference thereto. We have carefully reviewed the record and are unable to find that the defendant's rights have been violated. There is nothing in the record to form a basis upon which this court may review other contentions asserted by the defendant, and counsel cite no authorities to sustain those contentions.

After a careful examination of the record, we find that the defendant was granted a fair and impartial trial, and that there was no error in the record which would justify a reversal of the judgment and sentence, on any count set forth in the information.

Case No. 39,629 was an action commenced by the State of Kansas, on relation of the county attorney of Shawnee County, against the defendant to abate a liquor nuisance, and for a permanent injunction under G. S. 1949, 41-806. The court after hearing the evidence found that defendant's tavern or place of business was a common nuisance, and ordered the premises padlocked for not less than one nor more than two years, and until defendant should give bond as provided by section 41-806. Defendant appealed to this court from the judgment rendered. The parties stipulated that the record of the evidence in case No. 39,547 be used in determining whether there was any evidence to sustain the court's judgment, and further stipulated that in the event the judgment in case No. 39,547 was affirmed, the same would be controlling in case No. 39,629. Having carefully reviewed that evidence, we find it was amply sufficient to sustain the judgment of the trial court in this case.

It follows that the judgment of the lower court in both cases Nos. 39,547 and 39,629 is affirmed.

It is so ordered.