No. 46,321

The State of Kansas, *Appellee*, v. Edward L. Kirk, *Appellant*.

(493 P. 2d 233)

Opinion filed January 22, 1972.

*John E. Pyles*, of Wichita, argued the cause and was on the brief for the appellant.

*Larry D. Kirby*, Assistant County Attorney, argued the cause, and *Vern Miller*, Attorney General and *Keith Sanborn*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: The defendant, Edward L. Kirk, was convicted of first degree burglary and larceny. He has appealed. His primary complaint relates to the trial court's refusal to permit him to call witnesses, other than himself, to establish an alibi.

It appears Mr. Kirk was represented by retained counsel continuously from the time of his arrest through the trial. On the morning of the trial, and during the *voir dire* examination but before the jury was sworn, his counsel advised the court that he had just learned from Kirk's wife that at the time of the alleged burglary, the defendant and his wife were watching television at the home of two of their friends. Counsel then requested leave to file a belated notice of alibi and to present the testimony of the supporting witnesses.

To no one's surprise, the state viewed this request with a jaundiced eye and the court thereupon overruled the request. The court did however, in obedience to the provisions of K. S. A. 1971 Supp. 22-3218 (1) permit the defendant, himself, to testify concerning his whereabouts at the time of the offense.

K. S. A. 1971 Supp. 22-3218 (2) provides that notice of alibi shall be served on the prosecuting attorney at least seven days before commencement of trial, but that the court may, for good cause

shown, permit notice to be given at a later date. These provisions remain substantially unchanged from the prior statute, K. S. A. 62-1341. (See Richard H. Seaton and Paul E. Wilson, 39 J. B. A. K. 97, 168 [1970].) This court, in construing the statute, has consistently held that permission to file a later notice lies within the sound discretion of the trial court and that a refusal of permission is not to be overturned in the absence of an abuse of discretion. (*State v. Sharp*, 202 Kan. 644, 451 P. 2d 137.)

Under the circumstances shown by this record, we cannot charge the trial court with an abuse of discretion. It is clear that the defendant had more than ample time to have informed his counsel before trial of whatever alibi he claimed to have. However, Mr. Kirk did not advise his lawyer that he and his wife were visiting friends on the evening of the offense, but instead had told him that he was at home with his wife at that time. It is true that counsel might have filed a notice of alibi on the receipt of this information and listed Kirk's wife as an alibi witness, but the record indicates counsel deemed it better strategy to rely on the lack of reliable identification than on an alibi buttressed solely by defendant's spouse. That was a decision dictated by trial tactics and may scarcely be said to provide the basis for a contention that the court was guilty of abusing its discretion.

We find a suggestion in the defendant's brief that judicial discretion on motions of this nature is rarely, if ever, exercised in favor of the accused. We trust this charge is baseless, for were it true, it would be a grave indictment of the judiciary of this state. Certainly in the case at bar, the accusation appears ill founded. The court did not overrule the defendant's request out of hand, but listened to arguments pro and con and then took the matter under consideration, ruling on it, however, before the jury was sworn. Further arguments concerning the matter were entertained by the court on the motion for new trial before that motion was overruled. The trial court evidently believed that the state would be placed at a serious disadvantage if a last minute notice of alibi were permitted, and we cannot fault the court for entertaining that belief.

One additional claim of error should be noted briefly. We glean from the record that while Mr. Kirk was on the witness stand he asked for the dismissal of his attorney and the appointment of another counsel, stating he had been led to believe his case was not going to be brought to trial. Apparently this request was denied

by the court. This was proper we believe, for trial was in progress.

We cannot quarrel with the defendant's general assertion that for good cause shown an accused should be permitted to secure new counsel when he no longer has faith in the old. However, the time for a change of horses is hardly while the wagon is resting in midstream. At this point in any trial, a court must exercise its best judgment under all the circumstances, and this we believe was done. Moreover, the defendant's bare assertion that he thought his case would not be tried is not corroborated in any fashion so far as the record is concerned.

Although counsel in this case was not court-appointed, but was retained, we believe what we said in *State v. Walker,* 202 Kan. 475, 449 P. 2d 515, is worthy of note:

". . . Likewise, whether the dissatisfaction of an indigent accused with his court-appointed counsel warrants discharge of that counsel and appointment of new counsel is for the trial court, in its discretion, to decide. . . ." (p. 477).

Other matters mentioned in the defendant's brief have been considered and found to be without merit.

Prejudicial error has not been made to appear and the judgment is affirmed.