No. 47,682

THE STATE OF KANSAS, *Appellee,* v. DAVID WONSER, *Appellant.*

(537 P. 2d 197)

Opinion filed June 14, 1975.

*David C. All,* of Augusta, argued the cause and was on the brief for appellant.

*David A. Brace,* county attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal from a conviction of the crime of indecent liberties with a child in violation of provisions of K. S. A. 21-3503 (1) (a).

The information alleged the crime was committed "sometime during the first part of August, 1972." Wynona Ledeen MacCready, commonly known as Bunny, was fourteen years old at the time of the alleged crime. She was baby-sitting for Cindy Shepard, who lived in a mobile home in Grenola, Kansas. This was three or four blocks from where Bunny lived with her mother and step-father. Bunny testified that around 10:00 o'clock p. m., there was a knock on the door. She opened the door and the defendant, David Wonser, walked into the living room. He forced Bunny down the narrow hallway to the back bedroom, threw her on the bed, removed her jeans and panties, and forcibly had sexual intercourse with her. He left after asking her if she was going to tell her mother.

Cindy Shepard returned home between 11:30 and 12:00 o'clock midnight. She noticed Bunny had been crying and after some inquiry as to the problem, Bunny informed Cindy that David Wonser came to the house and "had gone all the way with her." Cindy took Bunny home to her mother. Bunny awakened her mother without disturbing her step-father and informed her that

David had raped her. It was decided by Bunny, her mother and Cindy Shepard not to tell anyone about the incident because they did not want David's wife and children hurt.

Later, in April, 1973, Bunny's step-father and her father learned of the incident. Following a family conference, the incident was reported to the county attorney and a complaint was filed.

The case was tried, and on September 14, 1973, a verdict of guilty was returned by the jury, which verdict was approved by the district court. A motion for a new trial was overruled, and the defendant has appealed.

Bunny, the complaining witness, Cindy Shepard, and Bunny's mother testified at the trial, and they were unable to give a more specific date than the first week of August, 1972.

Appellant contends the failure to give a definite date and time deprived him of his rights under Section 10 of the Bill of Rights of the Constitution of the state of Kansas and the Sixth Amendment to the Constitution of the United States, which guarantee that all persons shall have the right to know the nature and cause of any accusation brought against them. The point is not well taken.

This court has held on numerous occasions that the precise time of the commission of an offense need not be stated in the indictment or information. Except where the time is an indispensable ingredient of the offense, it is sufficient if shown to have been within the statute of limitations. (*State v. Bowman*, 106 Kan. 430, 188 Pac. 242; *State v. Freeman*, 143 Kan. 315, 55 P. 2d 362; *State v. Thomas*, 177 Kan. 230, 277 P. 2d 577.) Time was not an indispensable ingredient of the crime charged and the crime was shown to have been well within the statute of limitations. Time had nothing to do with the nature and cause of the accusation.

Neither do we find any merit in the appellant's contention he was denied the defense of an alibi. The appellant made no attempt to comply with K. S. A. 22-3218 (1) which requires notice of plea of alibi. The statute reads in part:

"In the trial of any criminal action where the complaint, indictment or information charges specifically the time and place of the crime alleged to have been committed, and the nature of the crime is such as necessitated the personal presence of the one who committed the crime, and the defendant proposes to offer evidence to the effect that he was at some other place at the time of the crime charged, he shall give notice in writing of that fact to the prosecuting attorney except that no such notice shall be required to allow testimony as to alibi by the defendant himself, in his own defense. The notice shall state where defendant contends he was at the time of the crime,

and shall have endorsed thereon the names of witnesses he proposes to use in support of such contention."

In *State v. Collins,* 209 Kan. 534, 536, 498 P. 2d 103, we stated:

"Under similar circumstances we have gone so far as to say that even the defendant could properly be precluded from testifying that he was elsewhere at the time of the alleged crime. *State v. Rider,* 194 Kan. 398, 399 P. 2d 564, Syl. ¶ 2; *State v. Kelly,* 203 Kan. 360, 454 P. 2d 501, Syl. ¶ 3. See also, *State v. Sharp,* 202 Kan. 644, 451 P. 2d 137, and cases cited. Here the court ruled that the defendant would be permitted to testify 'as to what he pleases,' but that his other witnesses could not testify 'in the nature of alibi.' This was all he would have been entitled to under the present code (K. S. A. 1971 Supp. 22-3218) and more than he was entitled to under the code then in effect and the authorities cited above. The ruling certainly was not reversible error." (l. c. 536).

See, also, *State v. Kirk,* 208 Kan. 645, 493 P. 2d 233.

The appellant's counsel, after being informed that a definite date could not be established, raised no objection at the trial. The specific issue was not raised until the case reached this court on appeal. Trial errors are deemed waived by silence or acquiescence. (*State v. Hancock,* 127 Kan. 510, 274 Pac. 209; *State v. Childs,* 198 Kan. 4, 422 P. 2d 898; *State v. Osbey,* 213 Kan. 564, 517 P. 2d 141.)

The appellant contends "[i]t was error for the Trial Court to allow repeated use of the word 'rape' when referring to the alleged crime thereby inflaming and prejudicing the jury's consideration of the case."

The record indicates the witnesses at the trial, the prosecuting attorney, and counsel for the appellant used the word "rape" on various occasions.

The appellant sums up his particular grievance as follows:

"In the information, appellant was charged with what is referred to as indecent liberties with a child. (K. S. A. 1973 Supp. 21-3503.) The use of force to accomplish the prohibited act is not an element of the crime with which the appellant was charged. It is common knowledge that the use of force to accomplish intercourse is usually referred to as rape. It is also commonly held that sexual crimes, particularly involving force are repugnant to the community at large."

One of the elements of the crime of indecent liberties with a child is the act of sexual intercourse with a child under sixteen years of age, who is not the spouse of the offender. The element of force or overcoming resistance is not a necessary ingredient of the offense. The act of sexual intercourse is a crime even though done with the consent of the child. However, the act is no less a crime if done with force constituting rape as that term is defined

by K. S. A. 21-3502. Bunny told her mother she had been raped. Her testimony, if believed, established that she had been raped.

We see no objection to presenting the true facts in a criminal prosecution and calling an element of the offense by its commonly understood name. The rape of a child under sixteen years of age includes the act of sexual intercourse, constituting the crime of indecent liberties with a child. There was no intention of prejudicing the jury—the parties were simply designating the act by its common name.

Likewise, there is no merit in the appellant's contention the verdict was not supported by substantial evidence. In his brief the appellant attacks the weight of the complaining witness' testimony rather than its sufficiency. This court does not weigh the evidence on appeal but reviews the evidence for the purpose of determining whether it is sufficient to form the basis for a reasonable inference of guilt when viewed in the light most favorable to the state. (*State v. Platz*, 214 Kan. 74, 519 P. 2d 1097.)

It would serve no useful purpose to present the evidence in more detail. It is sufficient to say the evidence established the elements of the offense charged and was sufficient to support the verdict of guilty.

The judgment is affirmed.

FROMME, J., not participating.