STATE OF NORTH CAROLINA v. ROBERT LEE BATTLE

No. 757SC145

(Filed 2 July 1975)

1. **Jury § 7— challenge for cause — attitude toward undercover investigation**

   In a prosecution for possession of LSD, the trial court did not err in allowing the State's challenge for cause of prospective jurors who stated that their feelings about undercover investigations would prejudice their decision as to the guilt or innocence of defendant.

2. **Criminal Law § 99— remarks by trial court — no expression of opinion**

   Comments by the trial court to defendant while he was on the witness stand were made in an effort to assist defendant and to secure a clearer and more orderly recitation of the evidence and did not constitute an expression of opinion in violation of G.S. 1-180.

APPEAL by defendant from *Webb, Judge.* Judgment entered 19 November 1974 in Superior Court, NASH County. Heard in the Court of Appeals 6 May 1975.

Defendant was charged with possession of lysergic acid diethylamide, a Schedule I controlled substance, in violation of G.S. 90-95 (a) (3). Upon his plea of not guilty, the jury returned a verdict of guilty as charged. From judgment sentencing him to imprisonment for a term of five years, sentence to be served concurrently with the sentence imposed in 74CR14416, defendant appealed.

State's evidence tended to show that at approximately 5:45 p.m. on 6 September 1974 an undercover agent for the State Bureau of Investigation went to the defendant's trailer and attempted to purchase a large quantity of LSD; that the defendant informed the agent "that he had a thousand hits of LSD but he was going to sit on them and sell them one at the time"; that the defendant later agreed to sell the agent "five (5) dosage units of LSD"; and that the defendant handed "Five (5) tinfoil packets" of LSD to the agent and the agent gave the defendant "$15.00 in cash, a $10.00 bill and a $5.00 bill." Other evidence offered by the State tended to show that a chemist with the State Bureau of Investigation, who qualified as an expert in the field of chemical analysis, "performed an analysis on the contents of one of the aluminum foil packages" and found that it contained lysergic acid diethylamide, commonly known as LSD.

The defendant testified that he did not see the SBI agent on 6 September 1974; that he neither used drugs nor had anything to do with drugs, and that at the time of the alleged sale, he was at a baseball game. The defendant offered the testimony of several witnesses who stated that they saw the defendant at a baseball game at approximately 7:30 p.m. on the night in question. Several character witnesses for the defendant testified that his general reputation in the community was good.

The State offered rebuttal testimony on the question of whether there was a baseball game on the date in question and also offered testimony attacking the general character of the defendant.

Additional facts necessary for decision are set forth in the opinion.

*Attorney General Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Howard A. Knox, Jr., and Robert D. Kornegay, Jr., for defendant appellant.*

MORRIS, Judge.

The judgment in this case was entered 19 November 1974. The record on appeal was filed more than 90 days later, on 20 February 1975. No order was issued by the trial court extending the time for docketing the record on appeal. Rule 5 of the Rules of Practice in the Court of Appeals of North Carolina provides that the record must be "docketed within ninety days after the date of the judgment, order, decree, or determination appealed from." Defendant's appeal is treated as a petition for a writ of certiorari which is granted in order that the case may be considered on its merits.

[1] At the trial the Assistant District Attorney was permitted to challenge for cause prospective jurors "who stated that their feelings about undercover investigations would prejudice their decision as to [the] guilt or innocence" of the defendant. In his first assignment of error defendant contends that the exclusion of these veniremen deprived him of his Sixth Amendment right to a jury which reflects a fair and representative cross-section of the community. We disagree. It is well established that "[e]ach party to a criminal trial is entitled to a fair and unbiased jury and may challenge for cause a juror who is

prejudiced against him." 5 Strong, N. C. Index 2d, Jury, § 7, Supp. p. 36. Furthermore, as our Supreme Court noted in *State v. Spence,* 274 N.C. 536, 539, 164 S.E. 2d 593, 595 (1968),

> "According to the Federal Court decisions 'the function of challenge is not only to eliminate extremes of partiality on both sides but to assure the parties that the jury before whom they try the case will decide on the basis of the evidence placed before them and not otherwise.' The purpose of challenge should be to guarantee 'not only freedom from any bias against the accused, but also from any prejudice against his prosecution. Between him and the State the scales are to be evenly held.' (Citations omitted.)"

To insure the impartiality of the panel, it has been held that a prospective juror may be asked "whether he is so prejudiced against informers as to prevent him from giving the testimony of such person its lawful weight, and whether he would accord due weight to a paid investigator's testimony," 50 C.J.S., Juries, § 275(b), p. 1044; whether he is prejudiced against a detective, or law enforcement officers in general, annot. 99 A.L.R. 2d 7, 65-66, 71-72 (1965); and whether he is prejudiced against government agents making plans to procure evidence. *State v. Lovell,* 127 Kan. 157, 272 P. 666 (1928). In our opinion, a prospective juror likewise may be asked whether his feelings about undercover investigations would prejudice his decision as to the guilt or innocence of the defendant. Where, as here, prejudice is shown, the juror may properly be challenged for cause. This assignment of error is overruled.

[2] In his only remaining assignment of error defendant contends the trial judge violated G.S. 1-180 by making certain comments to the defendant while he was on the stand. We find no merit in this assignment of error. Counsel for the defendant candidly concedes that "the defendant had trouble getting his points across due to his lack of education and problems with expressing himself." We interpret the comments made by the trial judge as efforts to assist the defendant and to secure a clearer and more orderly recitation of the evidence.

No error.

Chief Judge BROCK and Judge HEDRICK concur.