UNITED STATES of America

v.

Barry BICKMAN, Walter Grzelak and Richard John Cross.

Crim. No. 80–122.

United States District Court,
E. D. Pennsylvania.

May 6, 1980.

Peter F. Vaira, U. S. Atty., Roberto Rivera-Soto, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

J. Shane Creamer, Philadelphia Pa., for Bickman.

Malcolm Lazin, Philadelphia, Pa., for Grzelak & Cross.

## MEMORANDUM OPINION AND ORDER

BECHTLE, District Judge.

Presently before the Court is the pretrial objection of defendant Barry Bickman ("Bickman") to the Government's amended demand for notice of an alibi defense. This action concerns alleged violations of 18

U.S.C. §§ 1341 and 2, claiming that the defendants mailed fraudulent insurance claims based on damages created by the defendants by intentionally destroying insured goods at a warehouse. This was accomplished, according to the indictment, by the "watering down" of insured goods to imply a connection with an unrelated fire on the same premises but on another floor.

Federal Rule of Criminal Procedure 12.1 states:

(a) *Notice by Defendant.* Upon written demand of the attorney for the government stating the time, date, and place at which the alleged offense was committed, the defendant shall serve within ten days, or at such different time as the court may direct, upon the attorney for the government a written notice of his intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi.

(b) *Disclosure of Information and Witness.* Within ten days thereafter, but in no event less than ten days before trial, unless the court otherwise directs, the attorney for the government shall serve upon the defendant or his attorney a written notice stating the names and addresses of the witnesses upon whom the government intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses.

(c) *Continuing Duty to Disclose.* If prior to or during trial, a party learns of an additional witness whose identity, if known, should have been included in the information furnished under subdivision (a) or (b), the party shall promptly notify the other party or his attorney of the existence and identity of such additional witness.

(d) *Failure to Comply.* Upon the failure of either party to comply with the requirements of this rule, the court may exclude the testimony of any undisclosed witness offered by such party as to the defendant's absence from or presence at, the scene of the alleged offense. This rule shall not limit the right of the defendant to testify in his own behalf.

(e) *Exceptions.* For good cause shown, the court may grant an exception to any of the requirements of subdivisions (a) through (d) of this rule.

(f) *Inadmissibility of Withdrawn Alibi.* Evidence of an intention to rely upon an alibi defense, later withdrawn, or of statements made in connection with such intention, is not admissible in any civil or criminal proceeding against the person who gave notice of the intention.

The Government's original demand for notice of an alibi defense was filed on April 9, 1980, and requested an alibi defense for defendant Bickman for:

| Date | Approximate Time | Place |
|------|------------------|-------|
| 4/14/75 | 1:00 p.m. to 5:00 p.m. | 2207–2213 West Glenwood Avenue Philadelphia, PA |
| 4/14/75 | 1:00 p.m. to 9:00 p.m. | 1801 West Glenwood Ave. Philadelphia, PA |

On April 14, 1980, the Government filed an amended demand for notice of an alibi defense for defendant Bickman for:

| Date | Approximate Time | Place |
|------|------------------|-------|
| 4/14/75 | 6:30 a.m. to 5:00 p.m. | 2207–2213 West Glenwood Avenue Philadelphia, PA |
| 4/14/75 | 8:30 a.m. to 9:00 p.m. | 1801 West Glenwood Ave. Philadelphia, PA |

Defendant Bickman objects that this amended demand for notice of an alibi defense, for time periods between ten and one-half and eleven and one-half hours, is not phrased with the specificity envisioned under Rule 12.1. Bickman also claims that he will be prejudiced by the demand, since the Government has already admitted that two witnesses will be able to testify that they observed Bickman ordering other persons to move and water down the insured goods at the warehouse. Therefore, the defendant contends that, because the Government has heretofore only specified

vague times as to when these observations took place, the witnesses could possibly commit themselves to the exact time of the alleged occurrence after they have obtained the alibi information from defendant Bickman. This, the defendant states, would be unfair and unjust. The Government has not filed a response to the defendant's objection, but was given an opportunity to present its position during oral argument.

■ Rule 12.1 was promulgated to avoid the possibility of unfair surprise on the part of the Government and cause undue delay in the trial because of an unexpected presentation of an alibi defense by the defendant. See Notes of Committee on the Judiciary House Report No. 94–247. Under the Rule, the Government must trigger the alibi defense discovery procedures. If they do not, then the defendant may raise an alibi defense at trial to which the Government, though surprised, may not object. The trial courts are vested with "considerable discretion" to tailor the requirements under Rule 12.1 to fairly and justly serve the underlying goals of the Rule. See U. S. v. Hutton, 558 F.2d 1265, 1266 (6th Cir. 1977).

■ The Court finds that the Rule is not available as a device to be used for purposes of broad discovery or to require a defendant to respond to alibi demands for time, place and date that are unnecessarily vague. The only fair reading that can be subscribed to the Rule is that it was intended to be reciprocal in the sense that, while the defendant must respond to the Government's demand by stating "the *specific* place or places at which the defendant claims to have been at the time of the alleged offense . . ." (emphasis supplied), the Government must also initially state with specificity the "time, date and place at which the alleged offense was committed. . . ."

■ On the present record, the Court cannot see why the Government's amended demand as to time cannot be more specific. Under the indictment, it appears that the allegations against defendant Bickman as to the April 14, 1975, date referred to in the demand were that he "did order the gloves transported from the fourth floor to the first floor . . ." and that he "did order that the gloves, once on the first floor, be hosed down. . . ." These are specific acts which two Government witnesses allegedly observed, were participants in and will testify to. This is not a case where the criminal acts occurred over a long period of time, thereby justifiably necessitating a lack of specificity as to the time of the alleged offense in a demand for notice of an alibi defense. For example, the holding of stolen Government property over several days or a week-long period, where during each minute a continuing offense is being committed, is not the type of crime subject to specific time demands other than extended periods. See State v. Cox, 542 S.W.2d 40, 50 (Mo.App.1976) ("The time sequence in this record was not so specific as to indicate the exact moment when Meixner was killed . . . . Neither party is required to specify the exact second a crime is committed.") See also Monserrate v. State, 265 Ind. 153, 352 N.E.2d 721, 724–725 (1976); State v. Wonser, 217 Kan. 406, 537 P.2d 197, 198–199 (1975).

In the case at bar, the offensive actions of April 14, 1975, appear on the present record to be more limited in descriptive time and should be specified with greater particularity so as to more fairly notify the defendant of the times at which the alleged offenses were to have taken place. This is especially true when the Government has admitted that two of its witnesses observed the offensive acts being committed on that day.

For all of the above reasons, the Court finds that, because the Government's demand for notice of an alibi defense is inadequate on the present record, it will be ordered that the defendant Bickman need not answer that demand. Furthermore, should defendant Bickman raise an alibi defense at trial as to the date specified in the amended demand, the Government will be precluded from successfully raising an objection of unfair surprise. However, the Court will grant the Government leave to file an amended demand for notice of an alibi de-

fense which must set forth with greater specificity the time periods for which the demand is requested.

### ORDER

AND NOW, TO WIT, this 6th day of May, 1980, IT IS ORDERED as follows:

1. The Government's amended demand for notice of an alibi defense under Fed.R. Crim.P. 12.1 is found by the Court to be inadequate on the present record and defendant Bickman need not answer that demand.

2. Due to the inadequacy of the amended demand, the defendant will be permitted to raise an alibi defense at trial as to the date specified in the amended demand and the Government will be precluded from successfully asserting any objection of unfair surprise as to that defense.

3. The Government is given leave to file with the Clerk of the Court, within *five (5) days* of the date of this Order, an amended demand for notice of an alibi defense, *provided* the same furnishes greater specificity of the time periods for which the demand is requested. The defendant shall be required to respond to such demand in accordance with Fed.R.Crim.P. 12.1.