NOT DESIGNATED FOR PUBLICATION

No. 120,729

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

JACOB W. HAMILTON,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed November 22, 2019. Affirmed.

*Andrew R. Davidson*, assistant district attorney, *Keith Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

No appearance by appellee.

Before SCHROEDER, P.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM:  In this interlocutory appeal, the State of Kansas appeals the district court's decision to grant Jacob W. Hamilton's motion to suppress evidence. We affirm suppression of the evidence but for reasons different than those relied on by the district court.

FACTS

The facts in this case are undisputed. On December 16, 2017, Hutchinson Police Officer Terry Martin was dispatched to the Sunflower Inn following a report of a disturbance there. On arrival, Martin spoke with Marina Benewiat, a hotel employee, who said that guests were complaining about an argument or commotion in the hallway near the stairs. Benewiat directed Martin and another officer to the room where Hamilton and his wife were living at the time. There, the officers made contact with Hamilton. Hamilton admitted to the officers that he had called his wife a "fucking bitch." Based on this admission, Martin placed Hamilton under arrest for disorderly conduct involving domestic violence. Inside the rear left pocket of Hamilton's jeans, law enforcement discovered a plastic bag containing unused syringes and a clear glass smoking pipe with burnt residue that later tested positive for methamphetamine.

The State charged Hamilton with one count each of possession of methamphetamine, disorderly conduct, and possession of drug paraphernalia. Hamilton filed a pretrial motion to dismiss and/or motion to suppress the evidence, alleging that law enforcement lacked probable cause to arrest him because there was no evidence that he had engaged in disorderly conduct.

The parties appeared before the district court for a hearing on Hamilton's motion, where Officer Martin testified to the events as set forth above. Martin personally did not witness the reported disturbance but claimed there was probable cause to arrest Hamilton after learning that Hamilton had called his wife a fucking bitch. According to Martin, Hamilton's use of the offensive term constituted fighting words that required his arrest under domestic violence laws. Martin later spoke with Betty Widener, Hamilton's wife. Widener agreed that Hamilton had called her the offensive term during an argument, but she did not want Hamilton to be arrested. Widener also testified at the hearing. Widener

said that she and Hamilton had been engaged in a mutual argument and were calling each other names when Hamilton called her a fucking bitch.

The State asked the district court to deny Hamilton's motion to suppress, arguing that Officer Martin had probable cause to believe that Hamilton had committed the crime of disorderly conduct when Hamilton admitted to calling his wife a fucking bitch. The State further argued that Hamilton's arrest was mandatory as a domestic violence crime. In response, defense counsel claimed that Hamilton's use of the offensive term did not constitute an arrestable offense.

After hearing testimony from the witnesses and argument from counsel, the district court took the matter under advisement and later issued a written ruling granting Hamilton's motion to suppress. Specifically, the court held that Hamilton's arrest was illegal because his act of calling his wife a vulgar name during a mutual argument did not constitute actual or threatened violence. The State filed this interlocutory appeal.

ANALYSIS

The State argues the district court erred in granting Hamilton's motion to suppress, claiming that Hamilton's arrest was lawful and that the subsequent search of his pocket was a valid search incident to arrest. Hamilton did not file an appellate brief in response.

When, as here, the material facts to a district court's decision on a motion to suppress evidence are not in dispute, the question of whether to suppress is a question of law over which an appellate court has unlimited review. *State v. Cleverly*, 305 Kan. 598, 604, 385 P.3d 512 (2016).

The district court granted Hamilton's motion to suppress based on a finding that his arrest was illegal. Officer Martin arrested Hamilton for the crime of disorderly

conduct, a misdemeanor. See K.S.A. 2018 Supp. 21-6203(b). In Kansas, a law enforcement officer may arrest a person without a warrant if the officer has probable cause to believe that the person is committing or has committed a misdemeanor, and the law enforcement officer has probable cause to believe that (a) the person will not be apprehended or evidence of the crime will be irretrievably lost unless the person is immediately arrested, (b) the person may cause injury to themselves or others or damage to property unless immediately arrested, or (c) the person has intentionally inflicted bodily harm to another person. K.S.A. 22-2401(c)(2).

Rather than relying on the general arrest provisions of K.S.A. 22-2401, the State asserts that the police in this case were acting under an affirmative duty to arrest under K.S.A. 2018 Supp. 22-2307(b)(1) because it involved a domestic violence situation. K.S.A. 2018 Supp. 22-2307 is a procedural statute that requires all law enforcement offices in Kansas to adopt written policies regarding domestic violence calls. The policies must include a statement directing officers to make an arrest, without undue delay, when the officer determines there is probable cause to believe that a person has committed a crime or offense involving domestic violence. K.S.A. 2018 Supp. 22-2307(b)(1). Domestic violence is defined as "an act or threatened act of violence" or "any other crime committed against . . . a family or household member by a family or household member." K.S.A. 2018 Supp. 21-5111(i). The definition of "family or household member" includes spouses. K.S.A. 2018 Supp. 21-5111(i)(2).

The district court found that Hamilton's arrest was illegal because his conduct did not constitute an act or threatened act of violence. Although the court did not explicitly address the State's argument that Hamilton's arrest was proper because he had committed the "other crime" of disorderly conduct, the court appeared to implicitly reject this claim.

Disorderly conduct is defined in relevant part as "using fighting words or engaging in noisy conduct tending reasonably to arouse alarm, anger or resentment in others."

K.S.A. 2018 Supp. 21-6203(a)(3). The phrase "fighting words" means "words that by their very utterance inflict injury or tend to incite the listener to an immediate breach of the peace." K.S.A. 2018 Supp. 21-6203(c). Because the First Amendment to the United States Constitution protects freedom of speech and prohibits states from punishing the use of language or words except in limited circumstances, the disorderly conduct statute has been deemed constitutional only so far as the prohibited speech constitutes fighting words. See *State v. Huffman*, 228 Kan. 186, 192-93, 612 P.2d 630 (1980).

The State argues that Hamilton's arrest was required under K.S.A. 2018 Supp. 22-2307(b)(1) because he committed the crime of disorderly conduct by using vulgar language when arguing with his wife and by disturbing other hotel guests enough that a hotel employee reported him to the police. To the extent that the State claims Hamilton committed the crime of disorderly conduct by engaging in "noisy conduct tending reasonably to arouse alarm, anger or resentment in others," Officer Martin testified that he did not intend to make an arrest when he first approached Hamilton's room to discuss the disturbance call. See K.S.A. 2018 Supp. 21-6203(a)(3). Martin further testified that he only obtained probable cause to make the arrest upon learning that Hamilton had called his wife a fucking bitch. The question before us, then, is whether Hamilton used fighting words when he called his wife that name.

Whether language constitutes fighting words varies with each case and depends upon the totality of the circumstances. See *State v. Beck*, 9 Kan. App. 2d 459, 462-63, 682 P.2d 137 (1984) (holding that defendant's use of profanity towards police officers constituted fighting words when considering defendant's offer to fight with officers, his resistance to officers' efforts to restore peace, and provocative nature of words themselves). When determining whether disorderly conduct has occurred, the courts look to "the intention of the person uttering the language, the person to whom uttered, and all the surrounding facts and circumstances." *State v. Stroble*, 169 Kan. 167, 170, 217 P.2d 1073 (1950).

Here, the surrounding facts and circumstances establish that Hamilton and Widener were engaged in a mutual argument in a common area of the hotel. During the argument, the couple called each other names; Hamilton called Widener a fucking bitch. The argument was loud enough that it caused hotel guests to complain and a hotel employee to call the police. There was no evidence of any physical altercation between Hamilton and Widener. Nor was there any evidence that Hamilton's words were accompanied by any threatening movement. Widener admitted to participating equally in the argument and also confessed to calling Hamilton names. There is no indication that Widener believed her personal safety was at risk. To the contrary, Widener told Officer Martin that she did not want Hamilton to be arrested.

In sum, there is no evidence that Hamilton engaged in disorderly conduct by using fighting words towards Widener. Although the phrase "fucking bitch" is offensive and profane, when it is said in a mutual argument between a husband and wife, unaccompanied by any physical actions or threats, the phrase does not rise to the level of words which "by their very utterance inflict injury or tend to incite the listener to an immediate breach of the peace." See K.S.A. 2018 Supp. 21-6203(c). Thus, Officer Martin lacked probable cause to arrest Hamilton for disorderly conduct. As a result, the subsequent search of Hamilton's pocket was invalid. The district court properly granted Hamilton's motion to suppress. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (if district court reaches correct result, its decision will be upheld even though it relied upon wrong ground or assigned erroneous reasons for its decision).

Affirmed.

6